IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| SITO MOBILE R&D IP, LLC and<br>SITO MOBILE, LTD.,<br><br>       Plaintiffs,<br><br>   v.<br><br>HULU, LLC,<br><br>       Defendant. | Case No. 6:20-cv-00472<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively "SITO"), by and through its undersigned counsel, files this Complaint against Hulu, LLC ("Hulu") for patent infringement of United States Patent Nos. 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,591,360; 10,009,637 and 10,171,846 (collectively, the "patents-in-suit") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.      Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

3.      Plaintiff SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

4.      On information and belief, Defendant Hulu, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a place of business located at 2500 Broadway, 2nd Floor, Santa Monica, California 90404. Hulu may be served with process through its registered agent for service in Texas: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

5.      On information and belief, since at least March 2010, Hulu has been registered to do business in the State of Texas under Texas SOS File Number 0801245286.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      Hulu is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, Hulu "[r]ecruits Texas

residents, directly or through an intermediary located in this state, for employment inside or outside this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

8.      This Court has personal jurisdiction over Hulu because Hulu (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a).

9.      This Court also has personal jurisdiction over Hulu because Hulu has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over Hulu because, *inter alia*, Hulu, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) owns, manages, and/or operates facilities in this State and this judicial district; (3) enjoys substantial income from its operations and sales in this State and this judicial district; (4) employs Texas residents in this State and this judicial district; and (5) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused instrumentalities.

10.      Hulu has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this

judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b)-(d) and/or 1400(b). Hulu is registered to do business in the State of Texas, maintains a regular and established place of business within this judicial district, and has committed acts of infringement in this judicial district.

12.     On information and belief, Hulu maintains a significant physical presence in this judicial district.

13.     On information and belief, Hulu operates its Viewer Experience Operations headquarters at 4511 Horizon Hill Blvd #300, San Antonio, Texas 78229.

14.     Hulu describes its operations in San Antonio in a press release dated April 13, 2017: "The Viewer Experience team at Hulu ensures that each customer gets the most out of their Hulu experience. All customer-focused functions will live in this new Viewer Experience Operations headquarters in San Antonio, including customer support operations and service & network operations in support of Hulu's technology platform. The new operations headquarters will allow Hulu viewers and potential subscribers to interact with friendly service representatives through phone, email, virtual chat and social platforms at all times, resulting in an overall superior customer service experience and faster responses. Customers will be able to receive more than just support for their issue, the new operations headquarters will allow viewer experience representatives to conduct outbound customer communication and account

analysis."[1] On information and belief, Hulu employs hundreds of people in its San Antonio office.[2]

15.   Hulu lists job openings on its website for positions in this judicial district.



https://careers.hulu.com/location/texas-jobs/27593/6252001-4736286/3

---

[1] *Hulu to Open New Viewer Experience Headquarters in San Antonio, Texas*, HULU PRESS RELEASE, https://press.hulu.com/news/2017/04/13/hulu-to-open-new-viewer-experience-headquarters-in-san-antonio-texas/.

[2] Todd Spangler, *Hulu to Open 500-Employee San Antonio Customer Service Center*, VARIETY (Apr. 13, 2017), https://variety.com/2017/digital/news/hulu-san-antonio-customer-service-500-employees-1202029869/.

## HULU'S VIDEO STREAMING SERVICE

16.     Hulu offers a subscription-based streaming service that provides on-demand and live video programming over the Internet.[3] On information and belief, Hulu currently has over 30 million subscribers.[4]

17.     Hulu "aggregates acquired television and film entertainment content and original content produced by Hulu and distributes it digitally to internet-connected devices."[5]  In 2017, Hulu launched a live streaming service, which "streams live news, entertainment and sports from 21st Century Fox, The Walt Disney Company, NBCUniversal, CBS Corporation, The CW, Turner Networks, A+E Networks and Discovery Networks."[6]

18.     Hulu subscribers can access Hulu's services through, for example, a computer, smart phone, tablet, smart TV, DVD player, game console, and/or streaming player (e.g., Roku Express, Roku Premium, Roku Streaming Stick, Amazon Fire TV

---

[3] *About Hulu,* HULU PRESS, https://press.hulu.com/corporate/.

[4] Cynthia Littleton, *Disney Plus Reaches 28.6 Million Subscribers, Hulu Hits 30.4 Million*, VARIETY (Feb. 4, 2020), https://variety.com/2020/tv/news/disney-plus-reaches-26-5-million-subscribers-1203492187/.

[5] The Walt Disney Company, Inc. 2017 10-K, available at https://www.sec.gov/Archives/edgar/data/1001039/000100103919000070/fy2018_q4x10ka.htm.

[6] *About Hulu,* HULU PRESS, https://press.hulu.com/corporate/.

Stick). Hulu subscribers can download Hulu apps to their mobile devices from Google Play and Apple's App Store.[7]

19.     Hulu offers a variety of subscription plans, including: (1) $5.99/month with limited advertisements, (2) $11.99/month with no advertisements, (3) $12.99/month for Hulu, Disney+, and ESPN+ with limited advertisements, and (4) $54.99/month for Hulu + Live TV. For an additional fee, subscribers can also add HBO, Showtime, Cinemax and/or Starz to their plans.[8]

20.     Hulu streams videos using a network(s) of servers ("Hulu Streaming Platform"). On information and belief, the Hulu Streaming Platform uses Dynamic Adaptive Streaming over HTTP (MPEG-DASH) and/or HTTP Live Streaming (HLS) protocols to stream video content.[9] MPEG-DASH and HLS are HTTP-based adaptive bitrate streaming techniques that enable high quality streaming of media content over the Internet from web servers. The operation of MPEG-DASH and HLS are described in standards documents.[10]

---

[7] https://play.google.com/store/apps/details?id=com.hulu.plus&hl=en_US; https://apps.apple.com/us/app/hulu-stream-tv-shows-movies/id376510438.

[8] https://www.hulu.com/welcome?orig_referrer=https%3A%2F%2Fwww.google.%20com%2F.

[9] *See, e.g.,* Allison Deal, *The Challenges of Live Linear Video Ingest – Part One: Live Versus On-Demand System Requirements*, MEDIUM (Sept. 24, 2018), https://medium.com/hulu-tech-blog/the-challenges-of-live-linear-video-ingest-part-one-live-versus-on-demand-system-requirements-89238f3af4f6.

[10] The MPEG-DASH standard is available at https://www.iso.org/ics/35.040.40/x/.  A copy of the HLS standard is attached hereto as Exhibit 1.

21.     With MPEG-DASH and HLS, a video may be broken up into thousands of small HTTP-based file segments. Each segment contains a short interval of playback time of the video. The segments are encoded at a variety of different bit rates (speeds). After a subscriber selects a video to stream, the media player on the subscriber device is provided with a file that informs the player, amongst other things, how to obtain the segments sequentially and how to handle ad breaks (if any). As the video is playing, the subscriber device determines the bit rate that it can handle and requests a segment(s) encoded at that bit rate. The player plays the segments in sequential order and continuously requests segments until the player has received all of the segments that make up the video.

## THE PATENTS-IN-SUIT

### United States Patent No. 8,825,887

22.     On September 2, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,825,887 ("the '887 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

23.     The '887 patent is presumed valid under 35 U.S.C. § 282.

24.     SITO owns all rights, title, and interest in the '887 patent.

### United States Patent No. 9,026,673

25.     On May 5, 2015, the USPTO duly and legally issued United States Patent No. 9,026,673 ("the '673 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

26.     The '673 patent is presumed valid under 35 U.S.C. § 282.

27.     SITO owns all rights, title and interest in the '673 patent.

**United States Patent No. 9,135,635**

28.     On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,635 ("the '635 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

29.     The '635 patent is presumed valid under 35 U.S.C. § 282.

30.     SITO owns all rights, title and interest in the '635 patent.

**United States Patent No. 9,135,636**

31.     On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,636 ("the '636 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

32.     The '636 patent is presumed valid under 35 U.S.C. § 282.

33.     SITO owns all rights, title and interest in the '636 patent.

**United States Patent No. 9,591,360**

34.     On March 7, 2017, the USPTO duly and legally issued United States Patent No. 9,591,360 ("the '360 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

35.     The '360 patent is presumed valid under 35 U.S.C. § 282.

36.     SITO owns all rights, title and interest in the '360 patent.

**United States Patent No. 10,009,637**

37.     On June 26, 2018, the USPTO duly and legally issued United States Patent No. 10,009,637 ("the '637 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

38.     The '637 patent is presumed valid under 35 U.S.C. § 282.

39.     SITO owns all rights, title and interest in the '637 patent.

**United States Patent No. 10,171,846**

40.     On January 1, 2019, the USPTO duly and legally issued United States Patent No. 10,171,846 ("the '846 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

41.     The '846 patent is presumed valid under 35 U.S.C. § 282.

42.     SITO owns all rights, title and interest in the '846 patent.

**CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 8,825,887**

43.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

44.     Hulu directly infringes (literally and/or under the doctrine of equivalents) the '887 patent by using the method covered by at least claim 98 of the '887 patent.

45.     The Hulu system that infringes one or more claims of the '887 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a media streaming management method as claimed in the '887 patent.

46.     The Hulu Streaming Platform performs a media streaming management method. The Hulu Streaming Platform receives, via a communication network (e.g., the Internet) by at least one computing device (e.g., server(s)), a request (e.g., GET request) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television) to receive streamed media (e.g., television program or movie). The communication device is capable of executing instructions (e.g., contained within a Media Presentation Description (MPD)) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

47.     On information and belief, the requested media is associated with at least

one revenue sharing rule requiring sharing of at least a percentage of revenue generated

by streaming the at least one portion of the requested media.

| Exhibit 7: Hulu summary income statements 2009-2020E | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Years to June, $m | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016E | 2017E | 2018E | 2019E | 2020E |
| Subscribers (EOP, m) | 0.5 | 0.9 | 1.5 | 3.2 | 5.0 | 6.0 | 9.0 | 13.0 | 19.8 | 26.5 | 33.3 | 40.0 |
| Subscriber revenue | 0 | 0 | 144 | 307 | 479 | 575 | 959 | 1,402 | 2,131 | 2,795 | 3,507 | 4,219 |
| Ad revenue | 52 | 194 | 266 | 388 | 520 | 591 | 613 | 747 | 973 | 1,161 | 1,165 | 1,402 |
| Impressions (m) | 1,095 | 1,971 | 3,285 | 7,008 | 10,950 | 13,140 | 15,330 | 21,353 | 32,439 | 46,428 | 58,254 | 70,080 |
| CPM ($) | 48 | 99 | 81 | 55 | 48 | 45 | 40 | 35 | 30 | 25 | 20 | 20 |
| **Total revenue** | **52** | **194** | **410** | **695** | **1,000** | **1,167** | **1,572** | **2,150** | **3,104** | **3,956** | **4,672** | **5,621** |
| Programming costs | (118) | (122) | (283) | (549) | (889) | (814) | (1,245) | (1,556) | (1,867) | (2,241) | (2,689) | (3,227) |
| Marketing costs | (5) | (19) | (41) | (70) | (100) | (117) | (157) | (240) | (405) | (405) | (405) | (405) |
| Employee costs | (80) | (80) | (80) | (80) | (80) | (80) | (80) | (80) | (80) | (80) | (80) | (80) |
| Property costs | (40) | (40) | (40) | (40) | (40) | (40) | (40) | (40) | (40) | (40) | (40) | (40) |
| Technology costs | (75) | (75) | (75) | (80) | (100) | (150) | (200) | (300) | (330) | (363) | (399) | (439) |
| Total costs | (318) | (337) | (519) | (819) | (1,209) | (1,201) | (1,722) | (2,216) | (2,722) | (3,129) | (3,613) | (4,191) |
| **EBIT** | **(266)** | **(143)** | **(109)** | **(124)** | **(210)** | **(35)** | **(150)** | **(66)** | **381** | **827** | **1,059** | **1,430** |
| margin (%) | nm | nm | nm | nm | nm | nm | nm | nm | 12% | 21% | 23% | 25% |
| Interest | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| PBT | (266) | (143) | (109) | (124) | (210) | (35) | (150) | (66) | 381 | 827 | 1,059 | 1,430 |
| Tax | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (95) | (207) | (265) | (357) |
| **Net income (100%)** | **(266)** | **(143)** | **(109)** | **(124)** | **(210)** | **(35)** | **(150)** | **(66)** | **286** | **620** | **794** | **1,072** |

*Note: Hulu has a revenue share agreement with equity partners under which it pays a percentage of advertising and affiliate revenues to each of the partners in exchange for programming. In our income statements above, we show gross revenues (pre-revenue share) and "gross" programming costs.*

*Source: Company data, Credit Suisse estimates*

https://research-doc.credit-suisse.com/docView?language=ENG&format=PDF
&source_id= csplusresearchcp&document_id=1056379541&serialid=Xk%2B8tZAs
GS01Punjbs0MtPdgg%2Bumc9rCDz4XSp2nSaI%3

## Revenue Streams

Hulu makes money through the sale of service subscriptions and the generation of advertising revenue. Subscriptions currently account for a little over half of Hulu's annual revenue, and is expected to comprise a growing proportion of the Company's revenue over the coming years.

Hulu offers two subscription packages. The first is priced at $7.99 per month and comes with a limited amount of advertising within its programming. The Company's premium subscription package costs $11.99 per month and is completely ad-free. Hulu's ad revenue is shared with its content providers, who take a 70% share of all advertising revenue. The Company also shares a small proportion of its revenue with its distribution partners.

https://www.cleverism.com/company/hulu/; *see also* https://global-internet-tv.com/united-states-hulu/

48.     In response to receiving the request for media to be streamed to the communication device, and based on one or more capabilities (e.g., type of client device (e.g., PC), operating system, browser and/or media player) of the communication device and at least one characteristic (e.g., user ID) associated with a user of the communication, the at least one computing device generates and transmits to the communication device, over the communication network, a communication (e.g., MPD).

49.     The communication (e.g., MPD) includes: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of the at least one portion of the requested media, and (iii) one or more

instructions as to how the at least one portion of the requested media is to be streamed to the communication device.

50.     On information and belief, the Hulu Streaming Platform produces at least one settlement record reflecting a sharing of the percentage of revenue generated by streaming the at least the portion of the requested media.

51.     SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count II – Infringement of United States Patent No. 9,026,673

52.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

53.     Hulu directly infringes (literally and/or under the doctrine of equivalents) the '673 patent by using the method covered by at least claim 1 of the '673 patent.

54.     The Hulu system that infringes one or more claims of the '673 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a media streaming method as claimed in the '673 patent.

55.     The Hulu Streaming Platform performs a method of streaming video. The Hulu Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or  television)  capable of using

instructions (e.g., contained within an MPD) received from the at least one computing device to obtain at least one portion of the requested media using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

56.     The Hulu Streaming Platform determines, by the at least one computing device (e.g., server(s)), whether the at least one portion of the requested media (e.g., video segment(s)) is available for streaming in accordance with at least one program comprising at least one media selector (e.g., rules/instructions) defining how to select at least one other media (e.g., advertisement).

57.     On information and belief, the Hulu Streaming Platform includes a media selector for an advertisement in an MPD. A server in the Hulu Streaming Platform determines the at least one other media based on the at least one media selector.

58.     The Hulu Streaming Platform generates, by the at least one computing device and based on one or more capabilities (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device, at least one play script (e.g., at least one MPD).

59.     The MPD includes: (i) an identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an identification (e.g., identification of one or more ad breaks between video segments) of the at least one other media (e.g., advertisement), (iii) a reservation identification (e.g., authentication token) associated with the request for media, (iv) at least one universal resource locator (URL) associated with at least one of the identification of the

at least one portion of the requested media and the identification of the at least one other media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media and the at least one other media, and (v) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the at least one communication device to obtain the at least one portion of the requested media and the at least one other media.

60.     The Hulu Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media and the at least one other media via the communication network using the at least one resource other than the at least one computing device.

61.     SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count III – Infringement of United States Patent No. 9,135,635

62.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

63.     Hulu directly infringes (literally and/or under the doctrine of equivalents) the '635 patent by using the method covered by at least claim 1 of the '635 patent.

64.     The Hulu system that infringes one or more claims of the '635 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a media streaming method as claimed in the '635 patent.

65.     The Hulu Streaming Platform performs a method of streaming media. The Hulu Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television). The at least one computing device comprises a combination of hardware and software.

66.     The Hulu Streaming Platform determines, by the at least one computing device, at least one portion of the requested media (e.g., video segment(s)) to be streamed to the communication device.

67.     The Hulu Streaming Platform transmits, by the at least one computing device for reception by the communication device, at least one play script (e.g., MPD) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an indication (e.g., identification of one or more ad breaks between video segments) that an advertising media clip is to be streamed to the communication device, (iii) at least one universal resource locator (URL) associated with the identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of at

least one resource (e.g., streaming server(s)) other than the at least one computing

device to facilitate streaming of the at least one portion of the requested media, and (iv)

one or more instructions for use by the communication device together with the at least

one URL to cause the at least one portion of the requested media to be streamed to the

communication device.

68.     SITO has been damaged by the direct infringement of Hulu, and is

suffering and will continue to suffer irreparable harm and damages as a result of this

infringement.

### Count IV – Infringement of United States Patent No. 9,135,636

69.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth

herein, the preceding paragraphs of this Complaint.

70.     Hulu directly infringes (literally and/or under the doctrine of equivalents)

the '636 patent by using the method covered by at least claim 1 of the '636 patent.

71.     The Hulu system that infringes one or more claims of the '636 patent

includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu

network, system, device, and/or service that practices a media streaming method as

claimed in the '636 patent.

72.     The Hulu Streaming Platform performs a method of streaming media. The

Hulu Streaming Platform receives, by at least one computing device (e.g., server(s)) via

a communication network (e.g., the Internet), a request (e.g., GET request) for media

(e.g., television program or movie) from a communication device (e.g., client device

such as a personal computer, mobile device, and/or television), capable of using instructions (e.g., contained within an MPD) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

73.     The Hulu Streaming Platform generates, by the at least one computing device, at least one play script (e.g., MPD) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) a reservation identification (e.g., authentication token) associated with the request for media, (iii) at least one universal resource locator (URL) associated with the at least one identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the communication device to obtain the at least one portion of the requested media.

74.     The Hulu Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media via the

communication network using the at least one resource other than the at least one computing device.

75.     SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count V – Infringement of United States Patent No. 9,591,360

76.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

77.     Hulu directly infringes (literally and/or under the doctrine of equivalents) the '360 patent by using the method covered by at least claim 15 of the '360 patent.

78.     The Hulu system that infringes one or more claims of the '360 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a method for streaming media content as claimed in the '360 patent.

79.     The Hulu Streaming Platform uses an apparatus (e.g., network of servers) to perform a method for streaming media. The apparatus has a process, memory, and a packet-based network interface. (e.g., connection to the Internet).

80.     The Hulu Streaming Platform receives from a client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet) signaling (e.g., GET request) to have video content (e.g., television program or movie) streamed to the client device.

81.     In response to the received signaling, a server generates an identifier (e.g., session ID) uniquely associated with the client device and a viewing session for the video content.

82.     In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g., MPD(s)), each of the one or more files being in a format compatible with a media player on the client device, (i) an indication (e.g., segment information and/or segment file name) of one or more segments of the video content, (ii) a URL including an identification (e.g., host name) of one or more resources (e.g., streaming server(s)) of a content distribution network (e.g., content delivery network (CDN)) available to facilitate streaming of the one or more segments to the client device, (iii) information (e.g., segment information/segment file name, title identifier of the segment, and/or authentication token for the segment) instructing  the client device how to communicate with the one or more resources of the content distribution network to cause the plurality of segments to be streamed to the client device by the content distribution network, (iv) information (e.g., host name associated with an advertising server) instructing  the client device how to communicate with an advertising server to cause one or more advertisements to be streamed from the advertising server to the client device in sequence with the streaming of the plurality of segments to the client device by the content distribution network, and (v) the identifier (e.g., session ID).

83.    SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count VI – Infringement of United States Patent No. 10,009,637

84.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

85.    Hulu directly infringes (literally and/or under the doctrine of equivalents) the '637 patent by using the method covered by at least claim 1 of the '637 patent.

86.    The Hulu system that infringes one or more claims of the '637 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '637 patent.

87.    The Hulu Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The Hulu Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

88.    A server(s) receives, from the client device via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

22

89.     In response to the received signaling, a server transmits one or more files (e.g., MPD(s))  to the client device via the packet-based telecommunication network, each of the one or more files being in a format compatible with a media player on the client device, the one or more files comprising (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

90.     The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

91.     SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count VII – Infringement of United States Patent No. 10,171,846

92.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

93.     Hulu directly infringes (literally and/or under the doctrine of equivalents) the '846 patent by using the method covered by at least claim 1 of the '846 patent.

94.     The Hulu system that infringes one or more claims of the '846 patent includes, but is not limited to, the Hulu Streaming Platform, and any other Hulu network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '846 patent.

95.     The Hulu Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The Hulu Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

96.     The Hulu Streaming Platform dynamically selects one or more advertisement media clips (e.g., targeted advertisement(s)) based on statistical information (e.g., user interest/behavior, demographics) associated with a user of the client device.



https://advertising.hulu.com/ad-solutions/buying-solutions/

97.     A server receives, from the client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

98.     In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g., MPD(s)) having a format compatible with a media player on the client device, (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s))

of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

99.     The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause the one or more selected advertisement media clips to be streamed from the advertising server to the client device.

100.     SITO has been damaged by the direct infringement of Hulu, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## JURY DEMANDED

101.    Pursuant to Federal Rule of Civil Procedure 38(b), SITO hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

SITO respectfully requests this Court to enter judgment in SITO's favor and against Hulu as follows:

a.    finding that Hulu directly infringes one or more claims of each of the patents-in-suit;

b.    awarding SITO damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c.    awarding SITO pre-judgment and post-judgment interest on the damages award and costs;

d.    awarding cost of this action (including all disbursements) and attorney fees  pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

e.    awarding such other costs and further relief that the Court determines to be just and equitable.

Dated:  June 2, 2020     Respectfully submitted,

          */s/Raymond W. Mort, III*
          Raymond W. Mort, III
          Texas State Bar No. 00791308
          raymort@austinlaw.com

          THE MORT LAW FIRM, PLLC
          100 Congress Avenue, Suite 2000
          Austin, Texas 78701
          Tel/Fax: 512-865-7950

          *Of Counsel:*
          Ronald M. Daignault (*pro hac vice* to be filed)
          Chandran B. Iyer (*pro hac vice* to be filed)
          Jason S. Charkow (*pro hac vice* to be filed)
          rdaignault@goldbergsegalla.com
          ciyer@goldbergsegalla.com
          jcharkow@ goldbergsegalla.com
          GOLDBERG SEGALLA LLP
          711 Third Avenue, Suite 1900
          New York, New York 10017
          Telephone: (646) 292-8700

          Stephanie R. Mandir (*pro hac vice* to be filed)
          smandir@goldbergsegalla.com
          GOLDBERG SEGALLA LLP
          Reston Town Center
          11921 Freedom Drive, 5th Floor
          Reston, VA 20190

          Attorneys for *SITO Mobile, Ltd. and*
          *SITO Mobile R&D IP, LLP*