# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HULU, LLC, <br><br> Defendant. | Case No. 6:20-cv-00472-ADA <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **[HEARING ON MOTION REQUESTED PURSUANT TO CV-7(h)]** |

## HULU'S MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

## [HEARING REQUESTED PURSUANT TO CV-7(h)]

I.      **INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), Defendant Hulu, LLC ("Hulu") respectfully requests the Court transfer this case to the Central District of California ("C.D. Cal."). None of the eight factors considered under § 1404 weigh in favor of keeping this case in the Western District of Texas ("W.D. Tex.")—six favor transfer, while the remaining two are neutral. In fact, all four private interest factors weigh in favor of transfer. The most relevant evidence and witnesses, including many third-party witnesses, are located in C.D. Cal., where the accused functionality was designed and developed and Hulu is headquartered. Numerous other relevant third-parties, including Hulu's content providers and prior art inventors, are located in California, most of them in the Central District.

So it is no surprise that plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, "SITO") previously sued Hulu in C.D. Cal., accusing the same technology of infringing a patent related to the patents asserted here. In fact, SITO has no ties to W.D. Tex. at all. Its CEO resides in Southern California, and its other corporate executives are in New York and New Jersey.

As detailed below, C.D. Cal. is a far more convenient forum for **both** parties to this case than W.D. Tex., justifying transfer.

II.     **FACTUAL BACKGROUND**

   A.      **SITO's Allegations**

Hulu is a premium streaming service that offers live and on-demand TV and movies, including both original programming and content from partners like 21st Century Fox, The Walt Disney Company, NBCUniversal, CBS Corporation, The CW, Turner Networks, A+E Networks, FX Network, and Discovery Networks. SITO alleges that Hulu's use of the Dynamic Adaptive Streaming over HTTP ("MPEG-DASH") and HTTP Live Streaming ("HLS") protocols to

1

deliver this content to its subscribers via third party content delivery networks ("CDNs") infringes seven SITO patents. *E.g.*, Compl., ECF No. 1 ¶¶ 20-21, 46, 95. SITO also alleges that Hulu's revenue sharing agreements with its content partners (such as network and cable television providers) infringe the patents. *Id.* ¶ 47.

      **B.**     **Hulu's Documents And Witnesses Are Located In C.D. Cal.**

Hulu is a Delaware limited liability company with a principal place of business in Santa Monica. Declaration of N. Brookins ("Brookins Decl.") ¶ 3. Hulu's Santa Monica headquarters houses ███ employees, which is approximately ███ of Hulu's U.S. workforce. *Id.* ¶ 4.

Hulu's witnesses with knowledge about the accused MPEG-DASH and HLS functionalities are located in Santa Monica, Seattle, and Beijing. *Id.* ¶ 5. For example, Hulu's VP of Software Development, ████████████████████████████████████████████ is based in Santa Monica. *Id.* Hulu's engineers responsible for managing Hulu's delivery of content using CDNs are also located in Santa Monica. *Id.* ¶ 6. Hulu's technical documents and source code relating to the accused technology are created, maintained, and accessed by Hulu engineers in Santa Monica and Seattle. *Id.* ¶ 8.

Hulu's financial operations are also located in Santa Monica. *Id.* ¶ 9. Employees knowledgeable about Hulu's financial operations, including the accused revenue sharing agreements, are located in Santa Monica. *Id.* Hulu's financial documents are generated and maintained by employees in Santa Monica. *Id.*

While Hulu has a customer service center located in San Antonio, its employees have no access to any information relevant to this case. No employees in San Antonio worked on the accused technology or have knowledge about any issue in this case. *Id.* ¶ 10. They did not and do not create ████████████████████████████████████████ *Id.* ¶¶ 10, 11. Nor do

any San Antonio employees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

### C. Most Third-Party Witnesses And Evidence Are In C.D. Cal. And California

Hulu delivers streamed content to its subscribers through CDNs such as ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 13.  Witnesses from those CDNs with knowledge of the issues in this case reside in C.D. Cal. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ Engineers and support representatives from these CDNs in C.D. Cal. have relevant knowledge regarding how Hulu delivers streamed content through CDNs. *Id.* ¶¶ 13–18.

Moreover, Hulu's content partners knowledgeable about accused revenue sharing agreements are also located in C.D. Cal.  For example, CW Network is headquartered in Burbank, California, and FX Network is based in Los Angeles, California. *Id.* ¶¶ 19, 20.

Many third party prior art witnesses also reside in and near C.D. Cal., including:

| Prior Art | Company / Assignee | Witness Name (if known) | Location |
|---|---|---|---|
| Sandpiper Networks "Footprint" CDN | Sandpiper Networks | Christopher Newton | Westlake Village, CA.  *See* Declaration of Christopher Newton ("Newton Decl.") ¶ 1. |
| Cisco IP/TV and other streaming and content delivery architecture | Cisco Systems, Inc. | | San Jose, CA |
| Apple Quick Time/Darwin server | Apple Inc. | | Cupertino, CA |

3

| Oracle Video Server | Oracle Corp. | | Redwood Shores, CA |
|---|---|---|---|
| InterVu media streaming service and related U.S. Patent No. 5,956,716 | InterVu, Inc. | Brian Kenner<br>Harry Gruber | San Diego, CA (InterVu)<br>Los Osos, CA (Brian Kenner)<br>San Diego, CA (Harry Gruber) |
| Friskit music streaming service | Friskit, Inc. | | San Francisco, CA (Friskit) |

The Asserted Patents[1] also identify other third party prior artists that are closer to C.D. Cal. than W.D. Tex. *See, e.g.*, Ex.[2] 1 at 28:31–36. Microsoft Corp. ("Microsoft") in Redmond, Washington in the Greater Seattle Area, created the prior art Windows Media Player for streaming video. Also RealNetworks, Inc. ("RealNetworks") in Seattle, Washington, created a streaming video player for the SMIL (Synchronized Multimedia Integration Language) standard. Both are 900 miles closer to C.D. Cal. than W.D. Tex. Westin Decl. ¶ 6.

In contrast, only one inventor of the Asserted Patents appears to be located in Texas, and he resides in E.D. Tex., not this District.

### D. Plaintiff SITO Has No Ties To W.D. Tex.

SITO has no relevant ties to this District. SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. are both Delaware companies with principal places of business in New Jersey. Dkt. 1, ¶ 2. SITO has no offices in W.D. Tex., and Hulu has not identified any SITO witnesses in W.D. Tex.

SITO's CEO appears to reside in Encinitas, California. Ex. 2. SITO's other corporate executives are located in New York and New Jersey. Ex. 3; Ex. 4; Ex. 5. In fact, public information indicates that SITO has more employees in California than Texas. *See, e.g.*, Ex. 6.

### E. SITO Has Acknowledged that C.D. Cal. Is The Appropriate Venue.

SITO previously filed suit against Hulu in C.D. Cal. asserting infringement of a related

---

[1] U.S. Patent Nos. 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,591,360; 10,009,637 and 10,171,846 (collectively, "Asserted Patents")
[2] Citations to Exhibits or "Ex." in this motion are exhibits to the Declaration of Cameron Westin ("Westin Decl.") filed herewith.

4

patent by the same inventor. Ex. 7 (*Single Touch Systems, Inc. v. Hulu, LLC*, CV12-07265-JAK-FFF, Dkt. 1 (C.D. Cal. Aug. 23, 2012)). SITO alleged that C.D. Cal. was the appropriate venue because "[Hulu] does business in [C.D. Cal.], committed a tort within [C.D. Cal.], and, in fact, is a resident of [C.D. Cal.], with its principal place of business located in [C.D. Cal.]." *Id.* ¶ 4. SITO cannot seriously dispute that C.D. Cal. is the most convenient forum for this litigation.

### III. LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*) sets forth these eight factors which are each addressed below.

### IV. THIS CASE COULD HAVE BEEN FILED IN C.D. CAL.

Venue is proper in C.D. Cal. because Hulu is headquartered there. Indeed, SITO conceded this fact by previously filing suit asserting a related patent against Hulu in C.D. Cal. Ex. 7.

### V. C.D. CAL. IS SUBSTANTIALLY MORE CONVENIENT THAN W.D. TEX.

Six of the eight *Volkswagen I* factors weigh in favor of transfer to C.D. Cal. All four private interest factors weigh in favor of transfer because the majority of Hulu's evidence and witnesses are in C.D. Cal., numerous third party witnesses with unique and highly relevant information regarding the underlying functionalities of the accused systems reside in and near C.D. Cal., and a number of important third party prior art system developers and inventors also reside in and near C.D. Cal. Two of the four public interest factors weigh in favor of transfer because transfer would relieve congestion from this Court's docket and because local interest for

this case is in C.D. Cal. where Hulu headquarters is and where Hulu researched, developed, and implemented the accused products.  The remaining two public interest factors are neutral.

    A.  **The Private Interest Factors Heavily Favor Transfer to C.D. Cal.**

  As explained in Section II.C and for each private interest factor below, key functionalities of the accused products were developed and implemented by third party CDNs.  This case is thus similar to *Parus Holdings Inc. v. LG Electronics Inc.*, 2020 WL 4905809, at *3 (W.D. Tex. Aug. 20, 2020), where key parts of the accused functionality were developed and implemented by a third party in California.  Indeed, the reasons for transferring this case are even stronger than *Parus Holdings* because the third party developers here are not a party to this or any related litigation.  Access to, the ability to compel testimony from, and the convenience of these third party CDN and engineer witnesses' in C.D. Cal. weigh heavily in favor of transfer.

    1.  **Relative Ease Of Access To Sources Of Proof**

  "[T]he bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  This factor heavily favors transfer.  As detailed in Section II.B, Hulu's technical documents, source code, and engineers that researched, developed, and tested the accused technology are in Santa Monica.  Brookins Decl. ¶ 5.  Hulu's financial documents are in Santa Monica, and witnesses with knowledge of the accused revenue sharing agreements reside throughout C.D. Cal.  *Id.* ¶ 9.  While Hulu has an office in San Antonio, it is unrelated to the accused technology or agreements.  *Id.*; *see DataQuill, Ltd. v. Apple Inc.*, 2014 WL 2722201, at *5 (W.D. Tex. June 13, 2014) (transfer to N.D. Cal. where "[defendant's] presence in this district [] is unrelated to this litigation").

  As detailed above, important third-party witnesses in C.D. Cal. have unique information critical to invalidity, infringement, and damages claims and defenses.  Specifically, CDN engineers and employees from ███████████████████████ who reside in C.D.

Cal. have unique information about how the servers of the accused system receive and process requests for content and stream and track the content.  *Id.* ¶¶ 13–18.  Hulu's content partners, including CW Network and FX Network in C.D. Cal., have unique information about how Hulu tracks and distributes ad revenues.  *Id.* ¶¶ 19, 20.  Hulu has **no** ad or content partners in W.D. Tex.  *Id.* ¶ 21.

Critical third party prior art evidence and witnesses are in and near California.  The Asserted Patents list prior art systems including "Microsoft's Windows Media Server, Real Server, Apple's Quick Time/Darwin server, Oracle Video Server, and others."  *See* Ex. 1 at 28:31–36.  Apple and Oracle are in California, and Microsoft and Real Network are in Washington, 900 miles closer to C.D. Cal. than W.D. Tex.  In addition, Cisco, in California, developed prior art systems for streaming media, including Cisco's IP/TV.  The Level 3 engineer who developed the prior art "Footprint" CDN for delivering media content resides in C.D. Cal.  Newton Decl. ¶¶ 1, 3–5.  He is willing to testify in C.D. Cal, but is not willing to travel to W.D. Tex. to testify.  *Id*. ¶ 7.  He developed the prior art system in C.D. Cal. and documents regarding the system are in C.D. Cal. as well.  *Id*. ¶ 6.  Inventors from InterVu, which developed a video and audio streamer, are in and near C.D. Cal.  Exs. 8, 9; *see also* U.S. Patent No. 5,956,716.  And Friskit, in San Francisco, developed a prior art music streaming service.  Ex. 10.  Third party discovery is necessary to obtain evidence about these prior art systems.

SITO has no identifiable evidence in this District.  Its executives and headquarters are in California, New Jersey, and New York.  One inventor is in Texas, but outside of this District.

This factor weighs heavily in favor of transfer.

    **2.**    **Availability Of Compulsory Process**

The second transfer factor considers the availability of compulsory process to secure the attendance of witnesses.  *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 316 (2008) ("*Volkswagen*

7

*II*"). A court may subpoena a witness to attend trial only "within 100 miles of … [or] within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A).

As discussed in Sections II.C and V.A.1, most of the relevant third-party witnesses are in C.D. Cal. and California. These third parties are within the subpoena power of C.D. Cal., but not W.D. Tex., and could not be compelled to testify if this case remained in W.D. Tex. As explained in Sections II.C and V.A.1, these third parties have unique information relevant to invalidity, infringement, and damages claims and defenses in this case. In contrast, no relevant third-party witnesses are located in W.D. Tex. This factor weighs heavily in favor of transfer.

### 3. Cost Of Attendance For Willing Witnesses

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317. Moreover, the logical basis for the 100-mile rule and the burdens and costs it seeks to alleviate for third party witnesses is particularly high here, given the uncertainty and safety concerns presented by COVID-19. As one District Court noted, "the pandemic has highlighted that there can be risks associated with travel. Some people who would not have been worried about travel before the pandemic are now reluctant to travel." *Express Mobile, Inc. v. Web.com Grp., Inc.*, 2020 WL 3971776, at *4 (D. Del. July 14, 2020). These witnesses' ability to attend trial makes "the need to consider their convenience more important, even without regard to the difficulties posed by the pandemic." *Uniloc 2017 LLC v. Google LLC*, 2020 WL 3064460, at *6 (E.D. Tex. June 8, 2020).

This factor heavily favors transfer—third-party and party witnesses are in C.D. Cal. Relevant witnesses from CDNs, Hulu's content partners, and prior art witnesses are in C.D. Cal. or Southern California. *See* Sections II.C and V.A.1. Hulu is headquartered in C.D. Cal., where all of

its relevant employees are based.  Brookins Decl. ¶ 3.  Even SITO's CEO is in Southern California.  Ex. 2.  Other important third party witnesses, including Hulu's CDNs' engineers and prior art witnesses, are located far closer to C.D. Cal. than to W.D. Tex.  *See* Section II.C.

Flying numerous witnesses, particularly third-party witnesses, from C.D. Cal. to W.D. Tex. and providing for their lodging and transportation is inconvenient and expensive compared to trying this case in C.D. Cal. where they reside.  Travel is also inconvenient for third party witnesses in Washington, who reside 600 to 900 miles farther from W.D. Tex. than to C.D. Cal.

The lost productivity and interruption to witnesses' lives due to travel time also greatly weighs in favor of transfer.  *Volkswagen II*, 545 F.3d at 317 ("Witnesses [] suffer monetary costs, [and] personal costs associated with being away from work, family, and community.").  Westin Decl. ¶ 2.  The shortest flights from Los Angeles to Waco are approximately 4 hours and 21 minutes.  This Court has held that "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour."  *Wet Sounds, Inc. v. Audio Formz, LLC*, 2017 WL 4547916, at *3 (W.D. Tex. Oct. 11, 2017).  For witnesses in Seattle and Redmond, flights to Waco are 3 to 5 hours longer than flights to C.D. Cal.  Westin Decl. ¶ 3.  This factor thus weighs heavily in favor of transfer.

### 4. Practical Problems For An Easy, Expeditious, And Inexpensive Case

This factor also weighs in favor of transfer.  First, there are no practical problems associated with transfer.  The case is still in early stages, and the *Markman* hearing will not occur for another five months on March 5, 2020.  Transfer of this case would thus not cause delays.  Further, C.D. Cal. courts are familiar with Hulu's streaming technology, as Hulu has been a party in 15 cases in C.D. Cal. in the past 11 years.  Ex. 11.  This factor thus weighs in favor of transfer.

9

### B. The Public Interest Factors Favor Transfer

#### 1. Administrative Difficulties Flowing From Court Congestion

This factor favors transfer because transfer would alleviate congestion on this Court's docket. C.D. Cal. has 542 pending cases per judgeship, while W.D. Tex. has 539. Ex. 12. But three new judges have just been confirmed to the C.D. Cal. to alleviate congestion, whereas this Court appears to have approximately 750 active cases on its docket. Exs. 13, 14. Thus, transfer to C.D. Cal. would alleviate the congestion on this Court's docket.

#### 2. Local Interest in Having Localized Interests Decided at Home

C.D. Cal. has a significant local interest in deciding this case. The accused technology was developed by Hulu's engineers in C.D. Cal. *See Wireless Recognition Techs. LLC v. A9.com, Inc.*, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (finding the N.D. Cal. had a "particularized interest" in the suit's subject matter in part because the "Defendants developed the allegedly infringement products in the Northern District of California"). Not only is Hulu headquartered in C.D. Cal.—even SITO's CEO resides in California. Ex. 2. Moreover, SITO has more employees in C.D. Cal. than in W.D. Tex. Ex. 6.

By comparison, W.D. Tex. has little local interest in this case. SITO has no ties to W.D. Tex. And while Hulu has a San Antonio office, it is essentially a call center for user support. Brookins Decl. ¶ 10. ███████████████████████████████████████████████████████████████████████████████████████ *Id.* ¶¶ 10, 11.

#### 3. Familiarity With The Law That Will Govern

This factor is neutral. C.D. Cal. and W.D. Tex. courts are familiar with patent law.

#### 4. Avoidance Of Unnecessary Problems Or Conflicts Of Laws

This factor is neutral. There are no concerns about conflict of laws.

| | | |
|---|---|---|
| Dated: October 2, 2020 | By: | */s/ Darin W. Snyder* |

                                        Darin W. Snyder – Cal. S.B. # 136003
Amy K. Liang – Cal. S.B. # 291910
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Phone: (415) 984-8700
Facsimile: (415) 984-8701
dsnyder@omm.com
aliang@omm.com

Brett J. Williamson – Cal. S.B. # 145235
Cameron W. Westin – Cal. S.B. # 290999
Andrew S. Bledsoe – NY # 5691381
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Phone: (949) 823-6900
Facsimile: (949) 823-6994
bwilliamson@omm.com
cwestin@omm.com
abledsoe@omm.com

Dan N. MacLemore
State Bar No. 24037013
Andy Patillo
State Bar No. 24102339
Matt Czimskey
State Bar No. 24082887
**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**
220 South 4th Street
Waco, Texas 76701
Tel (254) 776-5500
Fax (254) 776-3591
maclemore@thetexasfirm.com
pattillo@thetexasfirm.com
czimskey@thetexasfirm.com

**Attorneys for Defendant
HULU, LLC**

11

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that the undersigned counsel for Hulu conferred with counsel for Plaintiff SITO in a good-faith effort to resolve the matter presented in the foregoing Motion to Transfer. Plaintiff's counsel stated that Plaintiff opposes the motion.

*/s/ Cameron W. Westin*
Cameron W. Westin

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 2, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Darin W. Snyder*
Darin W. Snyder