UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HULU, LLC, <br><br> Defendant. | Case No. 6:20-cv-00472-ADA <br><br> JURY TRIAL DEMANDED |

**SITO'S OPPOSITION TO HULU'S OPPOSED MOTION TO STAY
PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE
TO THE CENTRAL DISTRICT OF CALIFORNIA, OR, IN THE ALTERNATIVE,
TO AMEND THE SCHEDULING ORDER**

I.      **Introduction.**

Hulu cannot meet its burden to show that a stay is necessary in this case. Instead, Hulu tries to paint SITO in a bad light by accusing SITO of engaging in delay tactics. But those allegations are simply not true. And Hulu ignores the many months it waited before filing its transfer motion. Hulu also complains about the venue discovery SITO seeks to develop the evidentiary record and challenge the facts in Hulu's supporting declaration. But it fails to mention to the Court that it also seeks discovery from SITO. Finally, Hulu points to the FloSports and Blue Scout cases to support its request for a stay or an amended schedule. But FloSports did not move to transfer venue and has not asked to stay its case. And the Blue Scout case is at least five months behind the Hulu and FloSports litigations.

Hulu's motion for a stay is a thinly-veiled attempt to freeze the progress the parties have made in this case to date under the presumptuous notion that this case will ultimately be transferred to the Central District of California. Under Hulu's rationale, a stay would be granted any time a defendant filed a transfer motion. In any event, venue-related discovery will be completed within the next couple of weeks and Hulu's transfer motion will be fully briefed by December 11, 2020. And the Markman hearing is not until March 5, 2021. The parties should follow the case schedule and venue discovery and briefing dates the parties agreed to until a decision is rendered on the pending motion to transfer. As discussed below, Hulu has not met its burden of establishing that a stay is necessary and, therefore, the stay motion should be denied.

1

## II.     Factual background.

SITO filed its complaint against Hulu on June 2, 2020 (D.I. 1), and after service, Hulu's answer was due on June 29, 2020. Hulu, however, asked for a 45-day extension of time until August 13, 2020 to answer the complaint or otherwise respond. SITO agreed to this request and filed an unopposed motion for an extension.

Hulu repeatedly mentions that SITO moved the due date of its preliminary infringement contentions and the case management conference. Hulu knows that the CMC was moved *not* for SITO's benefit, but rather to accommodate co-defendant FloSports. SITO acknowledges that it obtained a two-week extension to serve its infringement contentions. But this was done to give SITO more time to streamline the case by limiting the number of asserted claims, which SITO did. Taking an additional two weeks to winnow down the number of claims in the case benefited Hulu and FloSports, and SITO did not do that to cause any delay. Hulu's assertion to the contrary is nonsense.

But after Hulu answered the complaint on August 13th, and SITO replied to Hulu's counterclaims, Hulu waited almost two months before filing its motion to transfer venue on October 2, 2020. This was the last day under the Court's schedule for Hulu to file such a motion.[1]

---

[1] Given Hulu's purported concern over efficiently litigating this case in a proper venue without any delay, Hulu's decision to wait until the last possible day to file its transfer motion undermines its supposed concern.

2

Thereafter, on October 6th, within two business days of Hulu's motion to transfer being filed, SITO approached Hulu's counsel to seek an extension of time to respond. The next day, in a follow-up email, SITO explained that the extension it sought would enable it to "fully consider the information Hulu has put forth in its motion and gather evidence to support our response." After SITO explained its reasoning, Hulu agreed to the requested extension.

Accordingly, instead of seeking venue discovery as a knee-jerk reaction, SITO first tried to gather relevant evidence on its own about the third parties identified in Hulu's motion to transfer and other facts relevant to Hulu's business activities in Texas. Once it became clear, however, that Hulu was in possession of relevant evidence, SITO promptly notified Hulu that it needed discovery and sought assistance from this Court when Hulu refused to agree.

The procedural chronology of this case undermines Hulu's attempt to cast SITO in a bad light. Indeed, after Hulu asked for a 45-day extension to answer the complaint and then waited almost two months to file its present motion to transfer after it served its answer, Hulu's accusations about SITO supposedly trying to delay this case are both disingenuous and hypocritical.

Further, Hulu claims that SITO has served "wide-ranging" venue-related discovery that includes "two deposition notices, nine interrogatories, and seventeen requests for documents." SITO's discovery, however, does relate to venue, and seeks facts about Hulu's business activities in Texas, including within this district and division, the identification of Hulu's servers and infrastructure that Hulu uses to stream

3

content to users within Texas and this district and division, and its content partners and advertising partners located in Texas and this district/division. But what Hulu doesn't tell the Court when it again tries to cast SITO in a bad light, is that it served just as much, if not more discovery on SITO. Like SITO, Hulu served two deposition notices, but Hulu served seven interrogatories, nine document requests, and thirty-seven requests for admission.

But despite Hulu's griping about venue discovery, that discovery will be complete in just a couple of weeks, and the parties briefing on Hulu's transfer motion will be complete by December 11, 2020, more than three months before the March 5, 2021 Markman hearing date.

SITO regrets having to get into this level of detail with the Court about the procedural posture of this case and venue discovery, but it feels compelled to respond to the various assertions and accusations that Hulu casts about in its brief. At bottom, none of Hulu's meritless contentions warrant staying this case.

And that is true with SITO's case against Blue Scout. SITO's efforts to license or otherwise monetize its patent portfolio are ongoing. Part of this effort involves litigation against other infringers in the Western District of Texas, including Blue Scout Media. The suit against Blue Scout is not frivolous, and Hulu does not contend otherwise. Instead, Hulu calls the Blue Scout case a "ploy," but then at the same time argues that the Markman hearing dates in the cases against it and FloSports should be delayed by four months because of the Blue Scout case. In any event, that SITO recently filed suit against Blue Scout causes *no* prejudice to *Hulu*.

4

### III. Legal standard.

"The proponent of a stay bears the burden of establishing its need." *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). In determining whether a stay is proper, district courts consider three factors: (1) the potential prejudice to the non-moving party, (2) the hardship and inequity to the moving party if the action is not stayed, and (3) judicial resources. *Id.* In exercising its discretion, the Court should be "guided by the policies of justice and efficiency." *Id.* And "[t]hough the Court's discretion is undeniable, it is not unlimited." *Humanscale Corp. v. CompX Int'l Inc.*, No. CIV.A. 3:09CV86, 2009 WL 1444312, at *2 (E.D. Va. May 21, 2009). The movant must "make out a *clear case of hardship* or *inequity* in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added)).

As discussed below, all three factors weigh against a stay.

### IV. Argument.

#### A. SITO will be unduly prejudiced if this case were stayed or the case schedule were amended.

Hulu's argument that a stay pending resolution of its motion to transfer will not prejudice SITO is plainly wrong.

Currently both the Hulu and FloSports litigations are on the same schedule. Hulu seeks a stay of the case against it; it has no standing to move to stay the FloSports case, and no joint motion has been filed. Moving the FloSports case forward, but staying the Hulu case leads to exactly the same result that Hulu claims it is seeking to avoid:

5

reducing judicial efficiency and engaging in duplicative litigation, especially as it relates to claim construction. In other words, staying this case would lead to this Court having to conduct a Markman hearing against FloSports and Hulu separately, thereby significantly diminishing the judicial efficiency from having these two cases proceed on a coordinated schedule.

So Hulu says the Court should simply amend the case schedules to align them with the case against Blue Scout and reset the Markman hearing to a date in July, 2021. The coordinated schedules against Hulu and FloSports should not be pushed back simply because SITO filed another suit against Blue Scout five months after both Hulu and FloSports were sued. Under Hulu's argument, if SITO were to file another case in the next couple of months, all the case schedules would need to be amended and pushed back again.[2]

Indeed, staying this case would work to Hulu's benefit, but to the detriment and prejudice of SITO. A stay will provide Hulu with uninterrupted time to prepare and file additional petitions for *inter partes* review, but delay progress that can be made in this case. Hulu has already filed one CBM petition and one IPR petition. If this case were stayed, then SITO would lose the opportunity to argue for a discretionary denial of Hulu's currently pending CBM and IPR petitions. SITO would not be able to point to

---

[2] Although Hulu is purportedly concerned about litigating this case in a timely manner and avoiding contradictory claim constructions, it is Hulu that is attempting to move this case to a venue that is slower than this Court and where the Court in Los Angeles would have its own claim construction ruling. This tactic reveals that Hulu's concerns about judicial efficiency and avoiding duplicative litigation are ultimately feigned.

the case schedule here and the progress the parties make in the case to show that the CBM and IPR are unnecessarily duplicative and wasteful. To the contrary, Hulu could argue that a stay of this case weighs in favor of granting its petitions, and any additional petitions it may file.

Lastly, SITO's pending bankruptcy proceedings do not justify staying the case because there is simply no issue concerning SITO's ownership of the asserted patents. Hulu relies entirely on unsupported speculation to suggest that the case should be stayed due to SITO's recent filing. But the bankruptcy proceedings are merely a restructuring of debt, *not* a liquidation, and they have no bearing on the ownership of the asserted patents. In fact, SITO's patent portfolio is among its most valuable assets, and therefore, staying this case would prejudice SITO's opportunity to pursue its infringement claims and enforce its valuable patent assets in an expeditious manner.

This factor, therefore, weighs heavily against the grant of a stay.

### B. Hulu has not identified any hardship or inequity that would result if this case is not stayed.

Hulu argues that it will be disadvantaged during the claim construction process by having to also respond to venue-related discovery. D.I. 30 at 8-9. But that argument is weak at best, and the facts do not support it.

7

Hulu is a large sophisticated company that is represented by well-known and competent counsel. There is no reason why Hulu cannot engage in venue discovery, which is required by a motion of Hulu's own making, and engage in the claim construction process that it also agreed to when this Court ordered the case schedule. In fact, as mentioned above, Hulu fails to mention to the Court that it also served venue-related discovery requests on SITO. This hypocrisy is common in Hulu's brief. In any event, both parties are positioned in the same way—gathering discovery and developing an evidentiary record relating to a venue motion Hulu brought before the Court, while engaging in the claim construction process. Accordingly, Hulu suffers no hardship or inequity here if the Court does not grant a stay.

Indeed, Hulu was served with the complaint on or about June 3, 2020 and could have brought its transfer motion months ago during the summer or at least when Hulu filed its answer on August 13th or shortly thereafter, instead of waiting until October 2nd. Hulu states that the Federal Circuit has emphasized the importance of addressing motions to transfer at the outset of litigation (Hulu Br. at 8), but then Hulu fails to take responsibility for its own inaction after being sued in June and not filing its venue motion until the last possible day under the Court's case schedule. Any supposed hardship or inequity that results from the timing of Hulu's motion to transfer is the result of its own delay.

Further, even if the Court were to grant Hulu's motion to transfer, the substantive progress the parties will have made in this case will *not be* for naught.

Whatever the parties can accomplish here will carry over to the Central District of California. Accordingly, the absence of any hardship and inequity to Hulu favors denying Hulu's request for a stay of this case.

### C. A stay will not conserve judicial resources.

In an effort to create an argument for conservation of judicial resources, Hulu states that "it understands that FloSports does not oppose delaying claim construction." But as mentioned above, this ignores the fact that FloSports has not asked for a stay, SITO would oppose any stay of the FloSports litigation if one were sought, and there is ultimately no reason to grant one. Indeed, Hulu's statement reveals its true goal here, which is to simply stay and/or slow this case down. And it cannot be said that Hulu's venue motion, which it waited months to file, conserves judicial resources; instead, it is a motion the Court must now consider. But the Markman hearing is not set until March 5, 2021. Of course, this Court has complete discretion to manage its own resources over the next several months as it considers Hulu's motion to transfer and the parties begin to brief claim construction. Indeed, staying this case would interrupt the Court's own docket and case schedules. This factor, therefore, does not weigh in favor of a stay.

### V. Conclusion

In view of the foregoing, there is no basis for granting a stay pending resolution of Hulu's motion to transfer the case and, accordingly, the motion should be denied.

Dated:  November 9, 2020				Respectfully submitted,

						/s/Raymond W. Mort, III
						Raymond W. Mort, III
						Texas State Bar No. 00791308
						raymort@austinlaw.com

						THE MORT LAW FIRM, PLLC
						100 Congress Avenue, Suite 2000
						Austin, Texas 78701
						Tel/Fax: 512-865-7950

						*Of Counsel:*
						Ronald M. Daignault (*pro hac vice*)
						Chandran B. Iyer (*pro hac vice*)
						Jason S. Charkow (*pro hac vice*)
						Stephanie R. Mandir (*pro hac vice*)
						rdaignault@goldbergsegalla.com
						ciyer@goldbergsegalla.com
						jcharkow@ goldbergsegalla.com
						smandir@goldbergsegalla.com
						GOLDBERG SEGALLA LLP
						711 Third Avenue, Suite 1900
						New York, New York 10017
						Telephone: (646) 292-8700

						Attorneys for Plaintiffs *SITO Mobile, Ltd. and SITO Mobile R&D IP, LLP*