**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HULU, LLC, <br><br> Defendant. | Case No. 6:20-cv-00472-ADA <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **[HEARING ON MOTION REQUESTED PURSUANT TO CV-7(h)]** |

**HULU'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, OR, IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER**

**[HEARING REQUESTED PURSUANT TO CV-7(h)]**

**I.      INTRODUCTION**

The Federal Circuit recently reaffirmed that motions to transfer venue "should unquestionably take top priority." *In re Apple Inc.*, No. 2020-135, 2020 WL 6554063, at *2 (Fed. Cir. Nov. 9, 2020). The Court "must first address whether it is a proper and convenient venue ***before*** addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (emphasis added). This holding puts a sharp point on the longstanding guidance of both the Federal Circuit and the Fifth Circuit. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (timely filed motion to transfer venue "should have taken a top priority").

Applying the governing authority to this case, the Court should grant Hulu's motion for a stay. SITO has not even filed its *opposition* to Hulu's motion to transfer venue, and it will not do so for several weeks. The Court has not scheduled a hearing on the motion, nor has it had the opportunity to consider both sides' evidence and arguments. Yet this case's "substantive portion" has now begun. Hulu and SITO have already exchanged claim terms for construction, and they are currently scheduled to exchange proposed constructions on November 24. SITO's opening claim construction brief is due in just over one month. This is precisely the point at which the Federal Circuit and the Fifth Circuit urge a determination of the proper venue, before further substantive proceedings take place.

In addition, SITO's tactics exacerbated the need for a stay. Its tardy request for venue discovery caused briefing and a decision on the motion to transfer to overlap with the substantive claim construction process. Its new lawsuit against a tiny Waco company, Blue Scout, will require the Court to hold a second *Markman* hearing on five of the seven asserted patents after the parties have finalized contentions and completed discovery. SITO's opposition does not deny that its lawsuit against Blue Scout was an attempt to manipulate venue. Thus, staying this

1

case's deadlines would not mean granting a stay "any time a defendant filed a transfer motion." Dkt. 31 at 1. Instead, it would discourage flouting deadlines for timely briefing of transfer motions, filing subsequent lawsuits against local companies to attempt to avoid such motions, and insisting that this Court move forward inefficiently merely so SITO can rely on this inefficiency in arguments to the PTAB. SITO has not identified any legitimate prejudice it would suffer from a stay of this case, in contrast to the hardship to Hulu and the waste of the Court's resources that would result without one.

## II.     ARGUMENT

### A.     SITO Identifies No Legitimate Prejudice From A Stay.

Because SITO sued a small Waco company with four employees in response to Hulu's motion to transfer venue, SITO and the Court will already necessarily conduct a second *Markman* hearing on five of the same asserted patents "at least five months" after the currently scheduled *Markman* hearing in this case. *See* Dkt. 31 at 2. SITO argues that placing Hulu and FloSports on different schedules would "significantly diminish[] the judicial efficiency" in this case, yet aligning Hulu, FloSports, *and* Blue Scout's schedules would somehow prejudice SITO. Dkt. 31 at 7. Indeed, this argument rests on a false premise: that "Hulu and FloSports litigations are on the same schedule." Dkt. 31 at 6. FloSports has not yet served invalidity contentions. *See* Declaration of Cameron Westin In Support of Hulu's Reply Brief ("Westin Decl."), ¶ 4 (filed concurrently). SITO and FloSports have not exchanged claim terms for construction. *Id.* ¶¶ 3-4. Contrary to SITO's representation that it "would oppose any stay of the FloSports litigation if one were sought" (Dkt. 31 at 10), SITO appears to have agreed to precisely that.

SITO also contends that it would be prejudiced by a stay because it "would lose the opportunity to argue for a discretionary denial" at the PTAB. Dkt. 31 at 7. But discretionary denial concerns whether institution of proceedings *by the PTAB* would be "an inefficient use of

2

Board resources." *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020). SITO cannot claim prejudice merely because a stay would make **PTAB review** more efficient. SITO's argument that *this* Court should maintain an inefficient schedule merely to bolster, however slightly, SITO's argument to the PTAB is without precedent or logic. Speculation as to what SITO might argue to the PTAB should it choose to participate in those proceedings,[1] and how the PTAB might exercise its discretion in light of a stay in this case, are not evidence of unfair prejudice to SITO. In fact, the reverse is true.

Finally, SITO's claim that it will suffer prejudice because it will not be able to "enforce its valuable patent assets in an expeditious manner" (Dkt. 31 at 8) rings hollow. SITO is not a competitor to Hulu. SITO is not seeking injunctive relief against Hulu, preliminary or otherwise. SITO waited eight years after dismissing a previous action before bringing this case on a related set of patents. During those eight years, SITO never approached Hulu about its allegations or its patents. These facts do not support a claim of undue prejudice. Should this Court rule on Hulu's motion to transfer before the *Markman*, a stay pending that decision would last mere months, not years. That such a delay may "briefly inhibit[]" SITO's newfound urgency presents "a minimal likelihood of prejudice." *Sparling v. Doyle*, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014) (minimal prejudice where "at most, Plaintiffs will incur a one to two month delay").

    **B.**    <u>**SITO's Attempts to Dismiss the Hardship and Inequity to Hulu Contradict Federal Circuit Precedent**</u>.

The Federal Circuit has repeatedly warned against the hardships and inequities caused by moving into the substance of a case before resolving a motion to transfer. The upcoming *Markman* proceedings are precisely the "advances in the case" that the Federal Circuit held should not

---

[1] Notably, no SITO attorneys have even made an appearance in the PTAB proceedings. The deadline for the Patent Owner to file its mandatory disclosures in CBM2020-00028 was October 6, 2020. As of the filing of this brief, SITO has not filed any disclosures or appearances.

3

proceed before a resolution of a pending motion to transfer venue. *In re Apple Inc.*, 2020 WL 6554063 at *1, 3. There is prejudice inherent in forcing a defendant "to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.*, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015).

SITO asks the Court to disregard this precedent merely because Hulu is "a large sophisticated company." Dkt. 31 at 9. But the controlling cases cited above, involving companies much larger than Hulu like Apple and Google, demonstrate that Hulu's size is irrelevant. So is Hulu's request for venue discovery, which it made only *after* SITO's belated request was granted. Both parties' participation in venue discovery will present a fuller record for the Court to decide Hulu's motion. That is all the more reason to await a ruling on that motion before advancing to claim construction, and it does not negate the prejudice to Hulu should the Court fail to do so.

SITO does not even dispute the prejudice that will result from a second set of claim construction rulings—which may construe different or additional terms of five of the seven asserted patents—issuing after Hulu and SITO serve final infringement and invalidity contentions and are deep into fact discovery. Indeed, SITO's opposition represents that its patent infringement suit against Blue Scout "is **at least five months** behind" this case. Dkt. 31 at 2 (emphasis added). That means the *Markman* hearing and subsequent order in that case may not come until after final contentions, after fact discovery, and after expert reports. *See* Dkt. 25 at 4. The prejudice to Hulu and inefficiency to the Court of redoing contentions, refocusing fact discovery, and asking experts to reevaluate their opinions is severe.

Finally, SITO's attempts to cast Hulu, not SITO, as responsible for the need for a stay is baseless. SITO did not serve infringement contentions until September 11, 2020, after multiple extensions (sought by SITO alone). SITO disingenuously argues that the scheduling conference

was postponed "to accommodate co-defendant FloSports," but it omitted that the "accommodation" was FloSports' objection to holding a scheduling conference before SITO served infringement contentions. Westin Decl., ¶ 2. Hulu filed its motion to stay ten days after the parties submitted a proposed schedule that included a deadline *specifically* for filing such a motion. Dkt. 22 at 2. Under the Court's default briefing schedule, briefing would have been completed by October 16, 2020, or at the latest by October 30, 2020 with the 2-week extension SITO initially requested. But SITO's flouting of deadlines and belated discovery requests mean that venue-related briefing will not be complete until December 11, 2020 at the earliest.

### C.   SITO's Effective Stay Of The FloSports Case Shows That A Stay Would Preserve Judicial Resources.

SITO does not dispute that a stay would either avoid unnecessary claim construction proceedings, if Hulu's motion to transfer were granted, or allow this case's claim construction schedule to be aligned with Blue Scout's and avoid the need for two separate *Markman* hearings, if Hulu's motion to transfer were denied. Instead, SITO points to its case against FloSports, arguing that it "would oppose any stay of the FloSports litigation if one were sought." Dkt. 31 at 10. That appears simply untrue. As of the filing of this brief, FloSports has not yet served its invalidity contentions, and SITO and FloSports have not yet exchanged claim terms for construction. Westin Decl., ¶¶ 3-4. SITO has effectively stayed its case against FloSports on its own accord. Its strained claims of inefficiency thus rest on a faulty premise, and its litigation tactics require a stay to avoid wasting judicial resources.

### III.   CONCLUSION

All deadlines other than venue-related discovery, briefing, and hearing on Hulu's transfer motion should be stayed until the Court rules on this motion. In the alternative, Hulu requests amending this case's claim construction schedule to align with the *Blue Scout* case's schedule.

Dated: November 16, 2020   By:   */s/ Darin W. Snyder*

    Darin W. Snyder – Cal. S.B. # 136003
    Amy K. Liang – Cal. S.B. # 291910
    **O'MELVENY & MYERS LLP**
    Two Embarcadero Center, 28th Floor
    San Francisco, CA 94111-3823
    Phone: (415) 984-8700
    Facsimile: (415) 984-8701
    dsnyder@omm.com
    aliang@omm.com

    Brett J. Williamson – Cal. S.B. # 145235
    Cameron W. Westin – Cal. S.B. # 290999
    Andrew S. Bledsoe – NY # 5691381
    **O'MELVENY & MYERS LLP**
    610 Newport Center Drive, 17th Floor
    Newport Beach, CA 92660
    Phone: (949) 823-6900
    Facsimile: (949) 823-6994
    bwilliamson@omm.com
    cwestin@omm.com
    abledsoe@omm.com

    Dan N. MacLemore
    State Bar No. 24037013
    Andy Patillo
    State Bar No. 24102339
    Matt Czimskey
    State Bar No. 24082887
    **BEARD KULTGEN BROPHY**
    **BOSTWICK & DICKSON, PLLC**
    220 South 4th Street
    Waco, Texas 76701
    Tel (254) 776-5500
    Fax (254) 776-3591
    maclemore@thetexasfirm.com
    pattillo@thetexasfirm.com
    czimskey@thetexasfirm.com

    **Attorneys for Defendant**
    **HULU, LLC**

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 16, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Darin W. Snyder*
Darin W. Snyder
