**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., <br>         Plaintiffs, <br>    v. <br><br> HULU, LLC, <br>         Defendant. | Case No. 6:20-cv-00472-ADA <br><br> **JURY TRIAL DEMANDED** |

**HULU LLC'S SUPPLEMENTAL REPLY IN SUPPORT OF TRANSFER IN RESPONSE TO PLAINTIFFS SITO MOBILE R&D IP, LLC AND SITO MOBILE, LTD.'S SUPPLEMENTAL DECLARATION OF DONALD H. BATE <u>REGARDING LOCATION OF DOCUMENTS</u>**

The supplemental declaration of Mr. Bate is irrelevant to the transfer inquiry, because the records in Mr. Bate's possession are redundant of documents that SITO already has in its possession, custody, and control.  Given that SITO is a party to this case, those documents should be produced by SITO—not Mr. Bate, who is a non-party.  SITO is managed out of C.D. Cal. and has no ties to this district.  *See* Dkt. 42 at 6–7.  Accordingly, Mr. Bate's statement that he has backup copies of redundant records is irrelevant to the "location of evidence" factor of the transfer analysis.

Rule 45 of the Federal Rule of Civil Procedure mandates that parties must take reasonable steps to reduce burden and expense on a person subject to a subpoena.  Fed. R. Civ. P. 45(c)(1).  The Fifth Circuit also recognizes that discovery should come from the parties, to the extent possible, to reduce the burdens to non-parties.  *See Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004), *abrogated on other grounds* by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).  Thus, the location of a non-party's redundant records should be given no weight when a party to the case already has copies.  *Cf. Web Telephony, LLC v. Comcast Corp.*, Case No. 2:09-cv-116-CE, Dkt. 201 (E.D. Tex. Sept. 30, 2010) ("the documentary evidence retained by these third parties is likely redundant with the information Plaintiff retained").

The facts show that SITO already has possession of the records discussed in Mr. Bate's declaration.  **First**, the declaration fails to establish or even allege that Mr. Bate has unique records that are not already in SITO's possession or control.  Dkt. 49-1 ¶ 2 (stating that Mr. Bate has "backup" copies of documents).  And paragraph 3 of Mr. Bate's declaration only specifically identifies four documents, which were already produced by SITO, and merely claims that they are "copies" of documents that he also has.  *Id.* ¶ 3.  **Second**, SITO

1

produced those four documents from its own records on September 11, 2020, over ***two months before*** it had any contact with Mr. Bate.  Ex. 1 (Nov. 19, 2020 30(b)(6) Deposition of T. Candelaria) at 57:18–23 ("Q. Has SITO been in contact with Mr. Bates [sic] for purposes of obtaining information or consulting with him in connection with the lawsuit against Hulu?  A. No").  *See* Ex. 2 at 7.  **Third**, even if Mr. Bate has other documents beyond those identified in the supplemental declaration, his employment agreement with SITO's predecessor required that he turn over ***all*** of his records related to any intellectual property he developed during his employment there.  Ex. 3 at 23 ("<u>H.  Return of Records, Etc.</u>  On termination of employment, Employee shall deliver all records, notes, memoranda, and equipment of any nature that are in Employee's possession or under his or her control and that are the property of Employer or relate to the Intellectual Property or to the Business.").  Under this contract, SITO's predecessor—and now SITO—has possession of, or at the very least custody or control over, all of Mr. Bate's documents relevant to the Asserted Patents.  *Id.*

   Thus, the location of Mr. Bate's records should be given no weight.  SITO is the custodian of those records, and SITO should produce them.  Moreover, the location of Mr. Bate's backup copies does not negate the fact that the bulk of relevant evidence will come from Hulu in C.D. Cal., and "the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech,* 566 F.3d 1338, 1345 (Fed. Cir. 2009).

| | |
|---|---|
| Dated: December 31, 2020 | */s/ Darin W. Snyder* |

Darin W. Snyder – Cal. S.B. # 136003
Amy K. Liang – Cal. S.B. # 291910
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Phone: (415) 984-8700
Facsimile: (415) 984-8701
dsnyder@omm.com
aliang@omm.com

Brett J. Williamson – Cal. S.B. # 145235
Cameron W. Westin – Cal. S.B. # 290999
Andrew S. Bledsoe – NY # 5691381
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Phone: (949) 823-6900
Facsimile: (949) 823-6994
bwilliamson@omm.com
cwestin@omm.com
abledsoe@omm.com

**Attorneys for Defendant
HULU, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record via the Court's ECF system on December 31, 2020.

*/s/ Darin W. Snyder*
