### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **SITO MOBILE R&D IP, SITO MOBILE, LTD.,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | 6-20-CV-00472-ADA |
| **HULU, LLC,** | § § § | |
| *Defendant.* | § § | |

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

Before the Court is Defendant Hulu, LLC's Opposed Motion to Transfer (ECF No. 29), Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s (collectively, SITO) Response (ECF No. 40), and Defendant's Reply (ECF No. 44). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant Hulu's Motion to Transfer should be **DENIED**.

### I. BACKGROUND

SITO filed this action on June 2, 2020 pursuant to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ECF No. 1. Plaintiffs allege patent infringement claims against Hulu relating to seven U.S. Patents, Nos. 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,591,360; 10,009,637 and 10,171,846. *Id.* at 1. Hulu expressly denies any infringement of these patents. ECF No. 12, 9–17.

On October 5, 2020, Hulu filed an opposed Motion to Transfer under 28 U.S.C. § 1404(a). Hulu's Mot. to Transfer to the Central District of California (hereinafter "Mot. to Transfer"), ECF No. 29. In Hulu's Motion to Transfer, Hulu argues transfer to the Central District of California is proper because: (1) SITO could have originally filed suit in the proposed transferee venue and (2) the convenience of the parties and interests of justice weigh in favor of

transfer. *Id.* at 6–10. On December 7, 2020, SITO filed a response to Hulu's Motion. Pls. SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s Br. in Opp'n to Def. Hulu, LLC's Mot. to Transfer (hereinafter "Resp."), ECF No. 40. On December 14, 2020, Hulu filed a reply. Hulu LLC's Reply in Supp. of its

Mot. to Transfer to the Central District of California (hereinafter "Reply"), ECF No. 44.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). Courts maintain discretion to adjudicate motions to transfer venue on an individualized, case-by-case basis that considers convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.* 487 U.S. 22, 29 (1988).

The movant in a motion to transfer bears the burden of establishing good cause for the proposed transfer. *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *see also In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). Good cause, when viewed in the context of § 1404(a), means the movant must clearly demonstrate that a transfer is for the convenience of parties and witness, as well as in the interest of justice, in order for the movant to support its claim for a transfer. *Volkswagen II*, 545 F.3d at 315. Quite simply, when the movant demonstrates the transferee venue is clearly more convenient by weighing certain private and public interest factors, good cause exists, and the district court should grant the motion. *Id.* However, if the movant fails to show the proposed venue is clearly more convenient than the plaintiff's chosen venue, the plaintiff's choice should prevail. *Id.*

Courts have adopted the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) to determine whether a § 1404 venue transfer is clearly more convenient and in the interest of justice. *Volkswagen II*, 545 F.3d at 315. The relevant private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotes omitted). The relevant public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* (internal quotes omitted). These factors are not necessarily exhaustive nor exclusive. *Id.* Moreover, a court cannot say any of the factors alone have dispositive weight. *Id.*

Importantly, one listed factor from *Gulf Oil* carries far less weight in a § 1404 transfer. *Gulf Oil* stated an interest to consider (and the one most likely pressed) was the private interest of the plaintiff regarding its choice of forum. *See Gulf Oil*, 330 U.S. at 508. However, *Gulf Oil* is distinguishable in this regard because it was a *fourm non conveniens* case, which inherently implicates potential dismissal of the plaintiff's case. *See generally id.* Because transfer through § 1404(a) avoids dismissal (unlike *forum non conveniens*), the choice of forum factor set out in *Gulf Oil* receives far less weight from courts in the venue transfer analysis. *Humble Oil*, 321 F.2d at 56. The difference is such because the "good cause" burden inherently takes into account "the appropriate deference to which the plaintiff's choice of venue is entitled." *Volkswagen II*, 545 F.3d at 315. Ultimately, "when the transferee venue is not clearly more convenient than the

venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex*, *Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

### III. ANALYSIS

The Court now turns to examine Defendant Hulu's § 1404(a) arguments. Hulu argues the Central District of California is both a proper and more convenient venue for this action. Mot. to Transfer at 5–10. Hulu must show that the balance between the private interests and public interests described by the Supreme Court in *Gulf Oil* clearly establishes the Central District of California as a more convenient venue than the present one.[1] *See Volkswagen II*, 545 F.3d at 315.

In order to determine whether Hulu has demonstrated good cause, the Court must weigh the private and public interest factors catalogued in *Gulf Oil*. The private interest factors include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make a trial of a case easy, expeditious and inexpensive.

*Gulf Oil*, 330 U.S. at 508. The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). If, when added together, the relevant private and public interest factors are in equilibrium, or even if they do not clearly lean in favor

---

[1] The Court notes the threshold issue in a § 1404 motion to transfer is whether the plaintiff could have filed its claim in the judicial district to which transfer is sought. *Volkswagen I*, 371 F.3d at 203. Because neither party argues Hulu cannot satisfy this issue, the Court will simply state the threshold issue has been satisfied.

of the transferee venue, the motion must be denied. *Volkswagen II*, 545 F.3d at 315. Once again, the Court's ultimate inquiry is which forum will best serve the convenience of the parties and the interests of justice. *Koster v. Am. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947). In this case, the relevant factors do not support Hulu's motion to transfer this case.

**A.     The Private Interest Factors Do Not Clearly Establish the Central District of California is a More Convenient Venue**

A plaintiff may not choose an inconvenient forum in order to vex, harass, or oppress a defendant by inflicting upon the defendant expense or trouble not necessary to the plaintiff's own right to pursue a remedy. *Gulf Oil*, 330 U.S. at 508. In considering private factors, the Court necessarily engages in a comparison between the hardships the defendant would suffer through the retention of jurisdiction and the hardships the plaintiff would suffer from transferring the action to the transferee venue. *Cf. Iragorri v. United Technologies Corp.*, 274 F.3d 65, 74 (2d Cir. 2001) (stating courts engage in such a comparison for *forum non conveniens* analyses). The Court will assess each of these factors in turn.

*1.     The Relative Ease of Access to Sources of Proof*

A court looks to where documentary evidence, such as documents and physical evidence, is stored when considering the first private interest factor. *Volkswagen II*, 545 F.3d at 316. "To properly consider this factor, parties must "describe with specificity the evidence they would not be able to obtain if trial were held in the [alternate forum]." *Piper Aircraft Co.*, 454 U.S. at 258.

Hulu claims the ease of access to sources of proof compared across venues weighs heavily in favor of transfer, stating that its documents and most third-party evidence is located in the Central District of California. Mot. to Transfer at 3–4. Specifically, Hulu argues that its technical documents and source code relating to the accused technology are in Santa Monica, California. *Id.* at 7. Hulu states that financial documents related to accused revenue sharing

agreements are located in the proposed transferee district. *Id.* Additionally, Hulu also argues that third party prior art evidence is located in or near the Central District of California. *Id.* at 8. Hulu further alleges that SITO has no identifiable evidence in this District. *Id.*

SITO responds to Hulu's contentions by advancing two arguments. First, SITO argues this factor weighs against transfer because Hulu could access sources of proof just as easily in this District as in the proposed transferee district and that certain sources of proof are not even accessible in the proposed transferee district. Resp. at 15–16. SITO also argues that Hulu's contentions that third-party sources of proof exist within the Central District of California are speculative at best, either because the assertions are unsupported or because the third parties are within this Court's subpoena power. *Id.* at 16. Additionally, SITO challenges Hulu's assertions that no sources of proof exist within this District by claiming the documents for some of SITO's third-party witnesses are located in or around this District. *Id.* at 16–17.

In its reply, Hulu advances a number of counterarguments. First, Hulu argues that SITO's references to Hulu's Texas-based operations incorrectly conflates the accused products' relevance to the current venue with separate Hulu operations that are not related to the relevant sources of proof. Reply at 4. Rather, Hulu maintains that no Texas-based locations can access relevant source code or technical documents, and all such sources of proof are created, maintained, and accessed by its engineers in the Central District of California. *Id.* Hulu also argues that the alleged sources of proof in or around this District identified by SITO are not particularized or unique to this District. *Id.* at 5–6. Finally, Hulu emphasizes it has identified third-party sources of proof, which is located in or near the Central District of California. *Id.* at 4–5.

The Court determines the ease of access to sources of proof factor weighs only slightly in Hulu's favor. Despite SITO's contention that sources of proof exist in or around this District, Hulu will likely have the bulk of the documents that are relevant in this case because it is the accused infringer. *See, e.g., In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). However, the Court also notes both parties have devoted a great deal of briefing on where the sources of proof are located. While the physical location of sources of proof affects the weight of this factor, the parties also must describe with specificity the evidence they could not obtain in the alternate forum. *Piper Aircraft Co.*, 454 U.S. at 258. The Court finds neither party has made significant showings in this regard. Self-serving statements about a witness's willingness to travel to one forum but not the other or speculative references to the location of potentially relevant third-party evidence do not show whether that source of proof is unobtainable in the alternative forum. Therefore, the Court finds that the location of the sources of proof relevant in this case weighs only slightly in favor of transfer because Hulu is the alleged infringer.[2]

---

[2] Although the Court wishes to make clear that it has followed Fifth Circuit precedent regarding this factor, the Court believes that the factor itself is at odds with the realities of modern patent litigation. In patent disputes like the one now before the Court, relevant documents are typically located on a server, which may or may not be in the transferee district (or given the use of cloud-based storage, may be located on multiple servers in multiple districts, or even multiple countries) and are equally accessible from both the transferee and transferor districts. Therefore, in this Court's view, there is no difference in the relative ease of access to sources of proof from the transferor district as compared to the transferee district when the vast bulk of documents are electronic. District courts — particularly those with patent-heavy dockets that have very significant document productions — have recently begun to acknowledge this reality. *Uniloc USA Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-00642-JRG, ECF No. 216 at 8-9 (E.D. Tex. Apr. 19, 2017) ("Despite the absence of newer cases acknowledging that in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse, the Court finds it odd to ignore this reality in favor of a fictional analysis that has more to do with early Xerox machines than modem server forms."). However, under current Fifth Circuit precedent, the physical location of electronic documents affects this factor's outcome. *See, e.g., Volkswagen II*, 545 F.3d at 316. Even though it would not have changed the outcome of this motion, this Court expresses its hope that the Fifth Circuit will consider addressing and amending its precedent to explicitly give district courts the discretion to fully consider the ease of accessing electronic documents.

*2.     The Availability of Compulsory Process to Secure the Attendance of Witnesses*

When balancing this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses whose attendance may require a court order. *Volkswagen II*, 545 F.3d at 316.

In its initial brief, Hulu asserts this factor weighs in favor of transfer because "most of the relevant third-party witnesses are in [the Central District of California] and California." Mot. to Transfer at 9. SITO responds to Hulu's arguments by stating the factor weighs against transfer. Resp. at 17. SITO argues multiple third parties that Hulu identified are actually outside of the subpoena power of the Central District of California. *Id.* SITO also argues that the factor weighs against transfer because Hulu has not identified specific witnesses for whom compulsory process would be required in order to secure their testimony. *Id.* at 17–18. In response, Hulu simply points out that compulsory process would exist over all witnesses in California under the language of 45(c)(1)(B) of the Federal Rules of Civil Procedure. Reply at 9.

After considering the parties' arguments, the Court finds that this factor weighs against transfer. First, Hulu has not shown transfer is clearly more convenient for all of its non-party witnesses. As this Court has previously held, to the extent that Hulu intends to use these witnesses as third-party art witnesses as it indicates in its Motion, the Court notes that prior art witnesses are generally unlikely to testify at trial, and the weight afforded their presence in this transfer analysis is minimal. *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020); *Fintiv, Inc.*, 2019 WL 4743678, at *5; *East Tex. Boot Co., LLC v. Nike, Inc.*, No. 2:16-cv-0290-JRG-RSP, 2017 WL 28559065 at *4 (E.D. Tex. Feb. 15, 2017). Further, this Court has previously held that, contrary to Hulu's contention, certain third-party witnesses, such as Apple, with locations within this District do fall within the Court's

subpoena power. *Parkervision, Inc. v. Intel Corp.*, No. 6:20-cv-00108, 2021 WL _____, at *7 (W.D. Tex. Jan. 26, 2021).

Second, and perhaps more to the point, Hulu has not shown any potential witness is unwilling to testify, other than Mr. Newton, the Level 3 engineer. Mot. to Transfer at 8. When no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor. *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006); *CloudofChange, LLC*, 2020 WL 6439178, at *4. Here, Hulu has only shown one witness who expressed an unwillingness to travel to this District for trial. However, Hulu has identified Mr. Newton as a prior art witness. Mot. to Transfer at 8. As previously noted, prior art witnesses are generally unlikely to testify at trial, so the weight attributed to Mr. Newton's unwillingness in this transfer analysis is minimal. *See, e.g., CloudofChange, LLC*, 2020 WL 6439178, at *4. Consequently, the Court finds this factor weighs against transfer.

3. ***The Cost of Attendance for Willing Witnesses***

The convenience of witnesses is the most important factor in a § 1404(a) analysis. *Genentech, Inc.*, 566 F.3d at 1342. While a court should not consider the significance of identified witnesses' testimonies, it should consider whether the witnesses may provide materially relevant evidence. *Id.* at 1343.

To assist in analyzing this factor, the Fifth Circuit adopted a "100-mile rule." *In re Volkswagen AG*, 371 F.3d 201, 204–205 (5th Cir. 2004) ("*Volkswagen I*"); *see also Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. Consequently, the threshold question is whether the movant's proposed venue and a

plaintiff's chosen venue are more than 100 miles apart. *See Volkswagen II*, 545 F.3d at 317. If the distance is greater, then a court will consider the distances between the witnesses and the two proposed venues. *See id.* Importantly, the venue need not be convenient for *all* witnesses. *Genentech, Inc.*, 566 F.3d at 1345. If a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside. *See id.*

As previously stated by this Court, "given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial." *Fintiv, Inc.*, 2019 WL 4743678, at *6. Indeed, the Court assumes only a few party witnesses and even fewer non-party witnesses (if any) will testify at trial. *Id.* Consequently, long lists of potential party and non-party witnesses do not affect the Court's analysis for this factor. *Id.*

Hulu argues that this factor weighs in favor of transfer because its party witnesses and third-party witnesses are closer to the Central District of California than this District. Mot. to Transfer at 4–5, 9–10. In response, SITO points out that Hulu has not carried its burden to show the proposed transferee district is clearly more convenient because Hulu has not identified party or non-party witnesses it intends to call at trial. Resp. at 18–19, 21. Additionally, SITO also identifies one party witness and three non-party witnesses who would be called at trial and explains why this factor weighs against transfer on the basis of these individuals. *Id.* at 19–20. Hulu replies by stating it intends to call key witnesses like Mr. Brookins, Hulu's V.P. of Software Development, and other Hulu engineers from the Central District of California. Reply at 6–7. Hulu also argues that SITO incorrectly relies on Hulu's San Antonio employees to justify

this Court retaining the case. *Id.* at 7. Finally, Hulu again states that many third-party witnesses reside in or close to the proposed transferee district. *Id.* at 8.

The Court finds that this factor weighs against transfer for the following reasons: First, the convenience of party witnesses is typically given little weight because the witnesses' employer could compel their testimony at trial. *Turner v. Cincinnati Ins. Co.*, 6:19-cv-642-ADA-JCM, 2020 WL 210809, at *4 (W.D. Tex. Jan. 14, 2020); *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, A-18-cv-413 LY, 2018 WL 5539929, at *7 (W.D. Tex. Oct. 29, 2018). Some courts have considered how far these witnesses would need to travel if few or no witnesses reside within the current district. *See, e.g., Genentech, Inc.*, 566 F.3d at 1345 (determining the convenience factor favored transfer, and not only slightly, in part because the defendants' employees and managers would not have to travel as far and the foreign plaintiff had no connection to the current venue); *contra Fintiv, Inc.*, 2019 WL 4743678, at *6 (stating the cost of attendance for party witnesses did not weigh for or against transfer because there were several potential witnesses in both potential venues). Contrary to Hulu's assertion, SITO does not rely on Hulu's San Antonio employees to argue against transfer. Rather, SITO points out that Mr. Brookins and the other unidentified Hulu employees in or near the proposed transferee district are still party witnesses and employees of Hulu. As noted above, courts give the convenience of party witnesses little weight.

Additionally, the Court agrees with SITO that Hulu's failure to identify specific third-party witnesses results in this factor weighing against transfer because courts give more weight to specifically identified witnesses and less weight to vague assertions that witnesses are located in a particular forum. *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co.*, No. 6:12-cv-398 MHS-JDL, 2013 WL 1363613, at *3 (E.D. Tex. Apr. 2, 2013). Without such specific

information, the Court cannot assess the convenience of each venue for unidentified, unknown witnesses. Hulu attempts to circumvent this issue by arguing, for example, that one of SITO's identified witnesses lives in California, thus making the Central District of California "the more convenient location under § 1404(a) as a matter of Fifth Circuit law." Reply at 9. Hulu's argument, however, would functionally shift the burden it carries to SITO. A non-movant witness living closer to the proposed transferee district does not *ipso facto* make that district more convenient as a matter of law even under the broadest reading of relevant Fifth Circuit precedent because a court must consider the factor of inconvenience to all witnesses. *Genentech, Inc.*, 566 F.3d at 1342. Hulu must show the proposed transferee district is clearly more convenient, but the Court does not find that its *ipse dixit* argument that multiple unidentified, unknown witnesses would find the proposed transferee venue far more convenient carries the day. Accordingly, the Court finds this factor weighs against transfer.

*4.    Other Factors That Make Trial Easy, Expeditious, and Inexpensive*

In considering a transfer motion, the court considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Hulu asserts that this factor weighs in favor of transfer because the case is still in early stages and transfer would not cause delays. Mot. to Transfer at 10. Additionally, Hulu states this factor favors transfer because the Central District of California's courts are familiar with Hulu's streaming technology. *Id.*

SITO responds that transferring the case would actually be less expeditious because Hulu has filed five IPRs against the asserted patents and the likelihood of a stay being granted is 54.3% in the Central District of California compared to 0% in this Court. Resp. at 22 n.3. SITO also notes that no guidance exists on when jury trials are likely to resume in the proposed

transferee district. *Id.* at 22. SITO further argues that this factor weighs against transfer because it has two other cases pending in this District on the same asserted patents. *Id.* Hulu counters by arguing the other pending lawsuits do not weigh against transfer because SITO has effectively self-stayed one case and filed the other after Hulu and SITO conferred on this Motion. Reply at 10.

The Court finds this factor neutral. Even if transfer may not cause delay as Hulu argues, the Court notes such a finding would not weigh for or against transfer. The fact that a transfer would not cause delay does not mean it rises to the level of a practical problem that clearly shows the proposed transferee venue is more convenient. It simply means transfer would be feasible. The same holds true for Hulu's argument that the Central District of California has familiarity with the streaming technology. This fact does not clearly show that the proposed venue is more convenient. Likewise, the Court finds that the possibility of the proposed transferee venue granting a stay a neutral factor given the argument rests purely on supposition of what might occur.

While judicial economy may be served by having the Court try cases that involve the same patents, cases involving the same patents but different defendants, products, and witnesses will not necessarily be expedited by being in the same court. *See Hammond Dev. Int'l, Inc. v. Google LLC*, 1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) (denying motion to transfer venue and finding that judicial economy was served by having the same district court try cases involving the same patents due to consolidation of the cases). Additionally, one of the cases SITO filed concerning the same patents was not filed in this District before the current action, and the transfer analysis must be evaluated at the date this case was filed. These facts do not weigh against transfer but remain neutral.

Finally, while the Court recognizes the issues presented by the novel COVID-19 crisis, it also notes that such issues and challenges are not confined to one district or the other. Thus, given how rapidly issues evolve or dissolve, the Court agrees with Hulu that pandemic closures "do not weigh in favor of transfer." Reply at 10. Thus, the Court finds this factor neutral.

**B.    The Public Interest Factors Do Not Clearly Establish the Central District of California is a More Convenient Venue**

The relevant public-interest factors also do not favor transfer. As previously noted, these factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law governing the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Volkswagen II*, 545 F.3d at 315. The Court will also consider each of these factors in turn.

*1.    Administrative Difficulties*

Administrative difficulties manifest when litigation accumulates in congested centers instead of being handled at its origin. *Gulf Oil*, 330 U.S. at 508. This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963). The relevant inquiry under this factor is the speed with which a case comes to trial and is resolved. *Genentech, Inc.*, 566 F.3d at 1347.

Hulu states that transfer would alleviate congestion in this Court's docket because the Central District of California has 542 pending cases per judgeship, while this District has 539. Mot. to Transfer at 11. Hulu goes on to state that three new judges have been confirmed in the proposed transferee district to alleviate the congestion even more. *Id.* SITO, on the other hand, argues against transfer because the Court has set a trial date of March 2022, and 12-month U.S.

District Court statistics ending in March 2020 show the median time to trial in this District is 24.6 months compared to 29.3 months in the Central District of California. Resp. at 23. Hulu responds by pointing to the 12-month statistics ending in June 2020, which show the median time to trial is 1.2 months shorter in the Central District of California compared to this District. Reply at 11.

Because the statistics proffered by the parties cover different time frames, comparing the two is not an exact science. Further, the comparison of time to trial throughout the Western District of Texas may overlook a faster time-to-trial within the Waco Division. Importantly, the Waco Division has its own patent-specific Order Governing Proceedings ("OGP") that ensures efficient administration of patent cases. In fact, a trial date has already been set in March 2022, which is roughly 13 months away. While the proffered statistics indicate that time to trial for civil cases may be faster in the Central District of California, it does not constitute an "appreciable difference in docket congestion." Based on the parties' statistics, the existing trial date was set sooner than average for the median timeframes of both districts. If anything, these facts indicate a greater efficiency of bringing cases, especially patent cases, to trial in the Western District of Texas than in the Central District of California. This factor weighs against transfer.

2. *Local Interests*

There is "a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *Piper Aircraft*, 454 U.S. 235, 260 (1981).

Hulu argues that the Central District of California has a stronger local interest in this litigation than the Western District of Texas because Hulu maintains its headquarters there and its engineers developed the accused technology there. Mot. to Transfer at 11. To further bolster

this position, Hulu points out SITO has no ties to this District and that SITO has more employees in the Central District of California than this District. *Id.* In response, SITO argues the Western District of Texas has a localized interest because Hulu maintains a San Antonio location and has other ties to this District. Resp. at 24. SITO also argues it has significant connections to this District. *Id.* Finally, SITO advances the argument that "[I]t is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." *Id.* (quoting *Found. Med., Inc. v. Guardant Health, Inc.*, No. 2:16-cv-00523-JRG-RSP, 2017 WL 590297, at *4 (E.D. Tex. Feb. 14, 2017) (internal quotes omitted)). Hulu replies by stating SITO does not have any connection to this District and that the sale of an accused product nationwide does not create a local interest. Reply at 11.

The Court finds this factor weighs only slightly in favor of transfer for the reasons that follow. First, as Hulu rightly argues the sale of an accused product offered nationwide does not allow for any venue to claim a substantial interest. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). SITO's argument in this regard speaks more to whether Hulu could reasonably expect to be hailed into court in this District, not whether this District is more convenient for parties, witnesses, and in the interest of justice. In contrast, the localized interest of a district exists when "the cause of action calls into question the work and reputation of several individuals residing in or near that district who presumably conduct business in that community." *Id.* at 1336. Such a situation presents itself here.

However, these interests are mitigated because a company's presence in a particular district weighs only slightly in favor of transfer because "it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." *Found. Med., Inc.*, 2017 WL 590297, at *4. Along with this fiction, Hulu does have

employees in this District, providing at least a slight localized interest in this case. Accordingly, the Court finds that the local interest in having localized interests decided at home weighs only slightly in favor of transfer.

### 3. *Familiarity of the Forum with the Law That Will Govern the Case*

Both parties agree that this factor is neutral. Mot. to Transfer at 11; Resp. at 24. The Court also agrees.

### 4. *Avoiding Conflict of Laws and the Application of Foreign Laws Factors*

Both parties agree that this factor is neutral. Mot. to Transfer at 11; Resp. at 24. The Court also agrees.

## IV. CONCLUSION

Having found that the access to proof and localized interests factors weigh only slightly in favor of transfer while the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and the administrative difficulties flowing from court congestion weigh against transfer with the other factors being neutral, the Court finds that Hulu has not met its "heavy burden" to demonstrate that the Central District of California is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314 n.10, 315.

**IT IS THEREFORE ORDERED** that Defendant Hulu's Motion to Transfer (ECF No. 29) is **DENIED**. It is further **ORDERED** that the above-styled case remain on the docket of United States District Judge Alan D Albright.

SIGNED this 24th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE