**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC and SITO MOBILE, LTD., | Case No. 6:20-cv-00472-ADA |
| Plaintiffs, | |
| vs. | |
| HULU, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT HULU, LLC'S OPPOSED MOTION TO STAY PENDING**
***INTER PARTES* REVIEW AND COVERED BUSINESS METHOD REVIEW**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .......................................................................................................... 1

II.     FACTUAL BACKGROUND ......................................................................................... 2

III.    LEGAL STANDARD .................................................................................................... 3

IV.     ARGUMENT: ALL FOUR FACTORS FAVOR A STAY ............................................ 3

    A.      The Stay Will Simplify This Case ..................................................................... 3

    B.      SITO Will Not Suffer Undue Prejudice or Tactical Disadvantage ...................... 6

    C.      A Stay Will Conserve Significant Resources ...................................................... 8

    D.      A Stay Will Reduce The Burden Of Litigation ................................................... 9

V.      CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
    No. 15-cv-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)............................................ 6

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017)............................................ 6

*Brit. Telecommunications PLC v. IAC/InterActiveCorp*,
    2020 WL 5517283 (D. Del. Sept. 11, 2020)............................................ 2, 10

*Capriola Corp. v. LaRose Indus., LLC*,
    No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ...................... 5

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
    No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
    2019)............................................ 9

*Destination Maternity Corp. v. Target Corp.*,
    12 F. Supp. 3d 762 (E.D. Penn. 2014)............................................ 5

*Ever Win Int'l Corp. v. Radioshack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012)............................................ 5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013)............................................ 5

*Interface, Inc. v. Tandus Flooring, Inc.*,
    No. 4:13-cv-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013)........................... 4

*Krippelz v. Ford Motor Co.*,
    667 F.3d 1261 (Fed. Cir. 2012)............................................ 6

*Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
    922 F. Supp. 2d 486 (D. Del. 2013)............................................ 11

*NFC Techs. LLC v. HTC Am., Inc.*,
    No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........................ 3

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
    No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ........................... 7

*Single Touch Systems Inc. v. Hulu, LLC*,
    Case No. 2:12-cv-7265-JAK-FFM (C.D. Cal. Aug. 23, 2012)................................. 8

*SSL Servs., LLC v. Cisco Sys., Inc.*,
    No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016)..................... 7

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Versata Software, Inc. v. Dorado Software, Inc.*,
   No. 2:13-cv-00920-MCE-DAD, 2014 WL 1330652 (E.D. Cal. Mar. 28, 2014)................... 11

*Versata Software, Inc. v. Volusion, Inc.*,
   2013 WL 6912688 (W.D. Tex. June 20, 2013) ............................................................... 2, 12

*Versata v. Cadius*,
   771 F.3d 1368 (Fed. Cir. 2014)........................................................................................... 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..................................................................................... 4, 7, 9

## <u>STATUTES</u>

35 U.S.C. § 252 ....................................................................................................................... 5

## <u>OTHER AUTHORITIES</u>

157 CONG. REC. S1053 (daily ed. Mar. 1, 2011) ...................................................................... 10

157 CONG. REC. S1363 (daily ed. Mar. 8, 2011) ........................................................................ 2

## <u>REGULATIONS</u>

77 Fed. Reg. at 48,680-01 ....................................................................................................... 1, 9

## I.      INTRODUCTION

All asserted claims of all seven Asserted Patents[1] in this case are now subject to instituted *inter partes* review ("IPR") proceedings.  One patent is additionally subject to a granted petition for covered business method patent review ("CBM").  Defendant Hulu, LLC ("Hulu") respectfully requests that the Court stay this case pending resolution of these eight validity challenges at the Patent Trial and Appeal Board ("PTAB").  Congress established IPR and CBM proceedings to create "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs," and holding a parallel trial while such proceedings are pending ignores this congressional intent.  77 Fed. Reg. at 48,680-01.

All relevant factors weigh in favor of a stay of this action pending resolution of the IPRs and CBM.  First, a stay will dramatically simplify, and potentially resolve, the issues in this case because all asserted claims identified by SITO are challenged in the eight petitions.  In other words, every claim in the instant case is affected by the PTAB's recent intuition decisions.  Second, plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. ("SITO") will suffer no prejudice or tactical disadvantage from a stay because money damages will adequately compensate for any alleged harm, since SITO only seeks money damages.  Dkt. 1 at 27.  Third, this litigation is still in the early stages of discovery.  Other than venue-related discovery completed last fall, the parties have not yet begun scheduling depositions or any expert discovery.  Indeed, the parties have not completed any written discovery except for preliminary discovery responses and objections, and SITO has not produced any documents beyond venue discovery.  The parties also recently agreed to extend all pretrial deadlines by approximately four weeks.  The currently scheduled trial date is

---

[1] U.S. Patent Nos. 8,825,887 ("'887 Patent"), 9,026,673 ("'673 Patent"), 9,135,635 ("'635 Patent"), 9,135,636 ("'636 Patent"), 9,591,360 ("'360 Patent"), 10,009,637 ("'637 Patent"), and 10,171,846 ("'846 Patent") (collectively, "Asserted Patents").

not until March 7, 2022, more than nine months away.  And the PTAB's decisions will resolve some or all of the issues to be decided at that trial.

Finally, this case is particularly suited to a stay due to the institution of CBM review. Congress signaled its preference for staying district court litigation pending CBM review by providing a specific statutory test in the America Invents Act governing stays of district court litigation where a CBM has been instituted.  The Act requires that, when a party "seeks a stay of a civil action alleging infringement of a patent," the Court must also consider whether a stay "will reduce the burden of litigation on the parties and the court."  A.I.A. § 18(b)(1), Pub. L. No. 112-29, 125 Stat. 284, 331 (2011).  As this District has recognized, this factor "is designed to place 'a very heavy thumb on the scale in favor of a stay being granted.'"  *Versata Software, Inc. v. Volusion, Inc.*, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) (quoting 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011)).  And as another court recently held, this factor "was intended to ensure that courts apply their discretion to grant stays liberally so as to minimize the duplicative litigation of patent validity issues in parallel forums."  *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, 2020 WL 5517283, at *3 (D. Del. Sept. 11, 2020) (discussing legislative history of CBM review provision).  Accordingly, the Court should stay this case pending resolution of Hulu's seven instituted IPRs and the instituted '887 CBM.

## II.    FACTUAL BACKGROUND

SITO filed its complaint on June 2, 2020, alleging infringement of the Asserted Patents by Hulu. Dkt. 1. SITO served its Preliminary Infringement Contentions, identifying its asserted claims, purported priority dates, and accused products, on September 11, 2020.  Over the next three months, Hulu diligently filed seven petitions for IPR and a petition for CBM challenging all asserted claims of the Asserted Patents.  As shown in the table below, between March and May 2021, the PTAB granted institution on all eight of Hulu's petitions for IPRs and CBM.

| Case No. | Patent | Filing date | Review Instituted |
|----------|--------|-------------|-------------------|
| CBM2020-00028 | '887 | 09/15/2020 | 03/18/2021 |
| IPR2021-000158 | '673 | 10/30/2020 | 04/20/2021 |
| IPR2021-000206 | '636 | 11/16/2020 | 05/10/2021 |
| IPR2021-000219 | '635 | 11/19/2020 | 05/10/2021 |
| IPR2021-000265 | '360 | 11/25/2020 | 05/19/2021 |
| IPR2021-000298 | '846 | 12/07/2020 | 05/19/2021 |
| IPR2021-000304 | '637 | 12/08/2020 | 05/19/2021 |
| IPR2021-000308 | '887 | 12/10/2020 | 05/19/2021 |

## III.   LEGAL STANDARD

District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the non-moving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court.  *See NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).  "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."  *NFC*, 2015 WL 1069111, at *2.

In determining whether to stay a case in which an asserted patent is subject to CBM review, courts are also required to consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court."  A.I.A. § 18(b)(1), Pub. L. No. 112-29, 125 Stat. 284, 331 (2011).  The Federal Circuit has held that courts must consider this fourth factor separately from the third factor.  *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1313 (Fed. Cir. 2014) ("We cannot…collapse the four-factor test expressly adopted by Congress into a three-factor test.").

## IV.   ARGUMENT: ALL FOUR FACTORS FAVOR A STAY

### A.   The Stay Will Simplify This Case

When, as here, all asserted claims are subject to instituted PTAB proceedings, the PTAB's

review "could dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).  "This weighs heavily in favor of granting the stay." *Id.*

Moreover, courts have identified several additional ways a stay pending IPR may simplify the case, including: (1) allowing the PTAB, with its particular expertise, to consider prior art and invalidity issues before they are presented to the Court; (2) alleviating discovery problems relating to invalidity issues; (3) encouraging settlement without further use of the Court; (4) limiting the issues, defenses, and evidence at pretrial conferences and at trial; (5) reducing the costs and burdens for both the parties and the Court; and (6) avoiding the possibility of inconsistent results on the invalidity issues considered by the PTAB.  *See Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *1 (M.D. Fla. Mar. 11, 2013); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Penn. 2014).  Hulu's requested stay would achieve all of these benefits.

There is a high probability that Hulu's instituted petitions will simplify the case by resulting in a determination that some or all of the claims are invalid.  The USPTO's published statistics show approximately eighty percent (80%) of the PTAB's final written decisions resulted in the cancellation of at least one reviewed claim, and sixty-two percent (62%) resulted in the cancellation of *all* claims instituted for review.  Declaration of Cameron W. Westin in Support of Hulu, LLC's Opposed Motion to Stay Pending *Inter Partes* Review and Covered Business Method Review ("Westin Decl."), Ex. 1 at 11.  These statistics support a "fair inference that the issues in this case are apt to be simplified and streamlined to some degree as a result of the [IPR] proceedings." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012).

Cancellation of all the asserted claims would resolve all disputes in this case, and even cancellation of *some* asserted claims would result in a streamlined trial.[2] *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013) (any claim cancelled by the PTAB during an IPR is rendered void *ab initio*).

Further, SITO's statements to the USPTO during these proceedings will certainly clarify and possibly narrow the scope of any surviving claims. *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc*., 856 F.3d 1353, 1362 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be . . . relied upon to support a finding of prosecution disclaimer."); *see also Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) (explaining that patentee's statements during reexamination can be considered for prosecution disclaimer).

Should the patentability of the asserted claims be affirmed, this case will still be simplified because statutory estoppel under 35 U.S.C. § 315(e)(2) will apply. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc*., No. 15-cv-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) ("Even if the IPR proceedings result in all of the Asserted Claims remaining valid, the fact that Defendants will be estopped—from asserting in this litigation any ground for invalidity that they 'raised or reasonably could have raised' during the IPR proceedings[]—and the creation of additional prosecution history . . . will simplify the issues left to be litigated in this case."). Thus, even if all claims survive PTAB review with no amendment, statutory estoppel, SITO's statements made during prosecution, and the USPTO's guidance on claim scope, will crystalize issues relating to invalidity and claim scope.

---

[2]To the extent SITO amends its claims during the IPRs, the scope of claims will change, potentially redefining the issues in this case and eliminating past damages pursuant to 35 U.S.C. § 252.

In summary, a stay pending completion of the parallel PTAB proceedings will resolve or significantly simplify issues under any outcome, whether the claims are amended, affirmed, or cancelled.  This factor alone weighs strongly in favor of a stay.

### B.   SITO Will Not Suffer Undue Prejudice or Tactical Disadvantage

SITO will suffer no prejudice by a stay.  SITO does not compete with Hulu and can be fully compensated for any alleged harm by monetary damages.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[a] stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages").

SITO seeks money damages only and has not requested any other form of relief.  Dkt. 1 at 27.  Courts have explained that "[w]here a plaintiff seeks only money damages, a stay will not diminish the monetary damages to which plaintiff will be entitled if it succeeds."  *E.g.*, *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016) (internal citations omitted).  Accordingly, where "the only potential prejudice Plaintiff faces is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought[—][w]ithout more, the Court finds that the first factor weighs slightly in favor of granting the stay."  *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *1 (E.D. Tex. Mar. 13, 2020); *see also NFC Tech.*, 2015 WL 1069111 at *2 (citing *E-Watch, Inc.*, 2013 WL 5425298, at *2) (a delay in vindicating patent rights "alone" is "not sufficient" to defeat a stay motion).

SITO's own delay in filing the present action belies any assertion of prejudice resulting from a stay.  Four of the Asserted Patents issued over four and a half years before SITO filed this case.  SITO has been aware of Hulu and its products since at least 2012 when SITO filed its first suit against Hulu.  *See Single Touch Systems Inc. v. Hulu, LLC*, Case No. 2:12-cv-7265-JAK-FFM

(C.D. Cal. Aug. 23, 2012), Dkt. 1.  That SITO waited over four years after the patents issued before suing belies any claim that a stay will be prejudicial.  Indeed, SITO's damages claim will not be impacted by a stay because patent damages are retrospective, and all Asserted Patents have expired.  Staying the case will have no effect on the relevant damages period or reduce any damages award.

SITO's repeated delays in moving this case forward further demonstrate any lack of prejudice.  Since filing in June 2020, SITO has litigated this case as though it has no concern whatsoever about a speedy resolution of its claims.  On August 24, 2020, SITO requested a two-week extension to serve its preliminary infringement contentions.  Westin Decl., Ex. 2 at 1.  On October 6, 2020, SITO requested a two-week extension to respond to Hulu's motion to transfer.  Westin Decl., Ex. 3 at 1.  On October 14, 2020, SITO requested to conduct venue discovery *after* its opposition to Hulu's motion to transfer was due.  Westin Decl., Ex. 4 at 1.  On January 22, 2021, SITO requested an extension to file its Patent Owner Preliminary Response in the CBM proceeding, asserting that its "system crashed."  Westin Decl., Ex. 5 at 1.  On April 30, 2021, SITO requested a three-week extension for SITO to serve its responses to Hulu's discovery requests.  Westin Decl., Ex. 6 at 1.  And on June 1, 2021, SITO requested to extend the deadline to file its Patent Owner Response in the CBM proceeding by two weeks.  Westin Decl., Ex. 7 at 1.  While Hulu has granted SITO's requests, it should not be penalized by these accommodations when SITO has demonstrated its inability to keep to the existing, agreed case schedule.  SITO's ill preparedness to meet deadlines and creation of significant schedule delays confirm this case should be stayed pending PTAB resolution.

Rather than cause prejudice, let alone undue prejudice, a stay will benefit both parties by allowing them to take advantage of the PTAB's review process, which constitutes "a more efficient

and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."  77 Fed. Reg. at 48,680-01.

### C.     A Stay Will Conserve Significant Resources

As of the filing of this motion, the parties are in the early stages of fact discovery.  *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (explaining the relevant time to measure the stage of litigation under this factor is the motion's filing).  No fact depositions have been scheduled, experts have not prepared any reports, and trial is still (at the earliest) more than nine months away.  Because "the bulk of the expenses that the parties would incur . . . are still in the future," the stage-of-the-litigation factor heavily favors a stay.  *NFC*, 2015 WL 1069111 at *3; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) (granting stay although claim construction was complete because "the most burdensome parts of the case—filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice all lie in the future.").  Importantly, the outcome of the IPRs and CBM could dispose of the entire case and all litigation expenses in the meantime would be wasted.  A stay will conserve resources, which is itself meritorious.

Hulu's diligence in filing its IPR and CBM petitions also supports granting the stay.  *See NFC*, 2015 WL 1069111 at *3–*4 (granting a stay where IPRs were filed just months after plaintiff provided infringement contentions).  SITO first identified the asserted claims in its Infringement Contentions on September 11, 2020.  *See* Westin Decl., Ex. 8 at 7.  Hulu promptly filed IPR and CBM petitions beginning on September 15, 2020, just four days later, and completed filing all eight of its petitions within three months, by December 10, 2020.  Accordingly, this factor weighs heavily in favor of a stay.

### D.      A Stay Will Reduce The Burden Of Litigation

With all asserted claims of the '887 Patent undergoing instituted CBM review, and every asserted claim in the case also subject to instituted IPR proceedings, staying this case will reduce the burden of litigation on the parties and on the court.  And the '887 Patent, which is subject to both CBM and IPR reviews, has more asserted claims that any other patent in the case.

Indeed, Congress's stated intent in enacting a separate statutory test for a stay of district court cases involving a patent subject to CBM review was that the district court litigation should normally be stayed.  *See* 157 CONG. REC. S1053 (daily ed. Mar. 1, 2011) comments of Senator Schumer ("[I]t is nearly impossible to imagine a scenario in which a district court would not issue a stay.").  This fourth factor, in particular, "was intended to ensure that courts apply their discretion to grant stays liberally so as to minimize the duplicative litigation of patent validity issues in parallel forums." *Brit. Telecommunications*, 2020 WL 5517283, at *3.  Accordingly, courts have interpreted the statute, and in particular the addition of the fourth factor, as heavily favoring a stay when CBM proceedings are instituted.  *See, e.g.*, *Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013)*; Versata Software, Inc. v. Dorado Software, Inc.*, No. 2:13-cv-00920-MCE-DAD, 2014 WL 1330652, at *2 (E.D. Cal. Mar. 28, 2014).

Here, a stay will significantly reduce the burden of litigation on the parties and the Court. SITO alleges infringement of seven different patents in this case.  Staying the case until the PTAB's review is complete will almost certainly reduce the number of claims and patents for trial in this case, or eliminate the need for trial entirely.  Even if some claims did survive the PTAB's review, the parties would not be forced to conduct discovery, undergo expert reports, and file dispositive motions against claims or patents that would later be canceled by the PTAB.  The Court, likewise, would not be required to decide dispositive motions on patents that will later be determined to be invalid by the PTAB, or to subject a jury to a lengthy trial on seven patents when

only some (or none) will survive PTAB review.

It is illustrative to consider how the **two** instituted proceedings against '887 Patent alone could reduce the burden of litigation on the parties and the Court.  If the PTAB determines the '887 Patent's claims to be invalid, the case would go forward with 13 fewer asserted claims.  Moreover, those claims include limitations not found in the other asserted patents, such as "producing at least one settlement record," which could otherwise require separate discovery, expert analysis, dispositive motions, and proof at trial.  Even if the PTAB upholds some or all of the asserted claims of the '887 Patent, the Court would benefit from the PTAB's analysis of the '887 Patent (which shares a specification with the other asserted patents) and its treatment of Hulu's Section 101 arguments.  Accordingly, even if no IPRs had been instituted, staying the entire case pending resolution of the CBM is warranted here.  *See, e.g.*, *Versata v. Cadius*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) (recognizing that a stay may be warranted even where "some, but not all, of the claims asserted in litigation are challenged in a CBM review.").

Here, **all** asserted claims are undergoing IPR review at the PTAB, in addition to the ongoing CBM review of the '887 Patent.  This factor's "'very heavy thumb on the scale in favor of a stay being granted,'" *Versata Software,* 2013 WL 6912688 at *2, strengthens the already compelling argument in favor of a stay.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court stay this litigation pending the resolution of Hulu's IPR and CBM proceedings before the PTAB.

Dated: June 14, 2021                    By:      */s/ Darin W. Snyder*

Darin W. Snyder – Cal. S.B. # 136003
Amy K. Liang – Cal. S.B. # 291910
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Phone: (415) 984-8700
Facsimile: (415) 984-8701
dsnyder@omm.com
aliang@omm.com

Brett J. Williamson – Cal. S.B. # 145235
Cameron W. Westin – Cal. S.B. # 290999
Andrew S. Bledsoe – Cal. S.B. # 332171
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Phone: (949) 823-6900
Facsimile: (949) 823-6994
bwilliamson@omm.com
cwestin@omm.com
abledsoe@omm.com

Nancy L. Schroeder – Cal. S.B. #280207
**O'MELVENY & MYERS LLP**
400 South Hope St., 18th Floor
Los Angeles, CA 90071
Phone: (213) 430-6000
Facsimile: (213) 430-6407
nschroeder@omm.com

**Attorneys for Defendant HULU, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated:  June 14, 2021                     <u>*/s/ Darin W. Snyder*   </u>
                                                         Darin W. Snyder

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), counsel for Defendant met and conferred with counsel for Plaintiffs.  On June 3, 2021, counsel for Plaintiffs indicated that Plaintiffs are opposed to the relief sought by this motion.

Dated:  June 14, 2021                     <u>*/s/ Darin W. Snyder*   </u>
                                                         Darin W. Snyder