NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**In re: HULU, LLC,**
*Petitioner*

———————————————

2021-142

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00472-ADA, Judge Alan D. Albright.

———————————————

**ON PETITION**

———————————————

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Hulu, LLC petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Central District of California. We agree with Hulu that the district court clearly abused its discretion in evaluating Hulu's transfer motion and denying transfer. We therefore grant the petition.

IN RE: HULU, LLC

I

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, "SITO") sued Hulu, LLC for patent infringement in the United States District Court for the Western District of Texas on June 2, 2020. Complaint, *Sito Mobile R&D IP, LLC v. Hulu, LLC*, Case No. 6:20-cv-00472, ECF No. 1 (W.D. Tex. June 2, 2020). SITO alleged that Hulu infringed seven of its patents directed to "System[s] and Method[s] for Routing Media"—U.S. Patent Nos. 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,591,360; 10,009,637; and 10,171,846. Complaint at 8–10 (¶¶ 22–42). In particular, SITO accused the "Hulu Streaming Platform" of infringement based on its delivery of streaming video content in combination with other features, such as revenue sharing with content providers, *id.* at 11–12 (¶¶ 46–47), selections of advertisements by a "media selector," *id.* at 15 (¶ 57), and advertising based on geographic location or statistical information, *id.* at 23, 39 (¶¶ 89, 96). In particular, SITO's complaint points to Hulu's use of two video standards for their "adaptive bitrate streaming techniques"—Dynamic Adaptive Streaming over Hypertext Transfer Protocol (MPEG-DASH) and Hypertext Transfer Protocol Live Streaming (HLS). *Id.* at 7 (¶ 20).

As to the parties, both SITO entities are Delaware companies with their principal places of business in New Jersey. *Id.* at 2 (¶¶ 2–3). Hulu is a Delaware company with its principal place of business in Santa Monica, California, which is within the Central District of California. *Id.* (¶ 4).

On October 2, 2020, four months after SITO filed its complaint, Hulu moved to transfer the case to the Central District of California for convenience under 28 U.S.C. § 1404(a). Hulu's motion explained that it delivers its streaming content via various "third party content delivery networks" or "CDNs" and that potential witnesses from those CDNs are located in the Central District of

California. App. 80–82;[1] *see also* Answer, *SITO Mobile R&D IP, LLC v. Hulu*, Case No. 6:20-cv-00472, ECF No. 12 at 5 (¶ 20).

On April 28, 2021, the district court denied Hulu's motion to transfer. *SITO Mobile R&D IP v. Hulu, LLC*, Case No. 6:20-cv-00472, 2021 WL 1166772 (W.D. Tex. Mar. 24, 2021) ("*Order*"). The district court analyzed each of the public and private interest factors required under Fifth Circuit precedent, finding two factors (sources of proof and local interest) "slightly" favored transfer, three factors (compulsory process, willing witnesses, and court congestion) weighed against transfer, and three factors (other practical problems, familiarity with relevant law, and conflicts of laws) were neutral or did not apply. *Id.* at *3–9.

Hulu petitioned this court for a writ of mandamus ordering the district court to transfer the case to the Central District of California. We have jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a).

II

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Before a court may issue the writ, three conditions must be satisfied: (1) the petitioner must have "no other adequate means to attain the relief he desires"; (2) the petitioner must show that the right to the writ is "clear and indisputable"; and (3) the court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (citation and internal quotation marks omitted). In transfer cases, those

---

[1] "App." refers to the appendix Hulu filed with its petition for mandamus. "Supp. App." refers to the supplemental appendix filed by SITO with its response.

requirements are generally reduced to a single inquiry: "whether the district court's denial of transfer amounted to a clear abuse of discretion under governing legal standards." *In re TracFone Wireless, Inc.*, No. 2021-136, 2021 WL 1546036, at *2 (Fed. Cir. Apr. 20, 2021) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)).

We follow regional circuit law on § 1404(a) transfer motions. *TS Tech*, 551 F.3d at 1319. The Fifth Circuit requires that when a movant "clearly demonstrate[s] that a transfer is '[f]or the convenience of parties and witnesses, [and] in the interest of justice,'" the district court "should" grant transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (second alteration in original) (quoting § 1404(a)). "That determination is focused on a comparison of the relative convenience of the two venues based on assessment of the traditional transfer factors." *In re HP Inc.*, 826 F. App'x 899, 901 (Fed. Cir. 2020) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)). In asking whether the district court abused its discretion in making that determination, Fifth Circuit law instructs us to consider whether the district court "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Volkswagen II*, 545 F.3d at 310 (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

In assessing a motion to transfer under § 1404(a), the Fifth Circuit analyzes a number of private and public interest factors. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). "The public interest factors are: '(1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (alteration in original) (quoting *Volkswagen I*, 371 F.3d at 203).

In denying Hulu's motion for transfer, the district court at least erred in its analysis for each factor that it found weighed against transfer: (1) the availability of compulsory process to secure the attendance of witnesses; (2) the cost of attendance for willing witnesses; and (3) the administrative difficulties flowing from court congestion. We discuss each in turn below.

## A

First, the district court erred in finding that the availability of compulsory process to secure the attendance of witnesses weighed against transfer.

Hulu identified several CDNs and revenue sharing content partners that are located in California with many in the Central District of California. App. 77–78, 82. Furthermore, Hulu identified a significant number of potential prior art witnesses that were also based in California. App. 82–83. On the other hand, SITO merely posited that certain third-party witnesses that Hulu had identified (from Apple and Microsoft) may be subject to the compulsory power of both the Western District of Texas and the Central District of California. App. 231 (citing an attorney declaration relying on a location found on maps.bing.com, Supp. App. 16).

The district court did not dispute Hulu's contention that the vast majority of witnesses to be analyzed under this factor would be subject to the compulsory process of the Central District of California. Instead, it determined that this factor weighed against transfer by discounting

IN RE: HULU, LLC

Hulu's proposed prior art witnesses and by faulting Hulu
for "not show[ing] [that] any potential witness is unwilling
to testify" other than one of the specifically identified prior
art witnesses. *Order*, 2021 WL 1166772, at *5. This was
error for several reasons.

First, even assuming the district court had properly
discounted Hulu's proposed witnesses, the evidence before
the district court showed, at best, only two potential Hulu
prior art witnesses that would be subject to compulsory
process by the Western District of Texas in addition to the
Central District of California. Thus, this factor would be
at most neutral, and certainly not weighing against trans-
fer.

Second, the district court erred by entirely overlooking
Hulu's multiple CDN witnesses who Hulu alleged, without
dispute, would have knowledge of Hulu's allegedly infring-
ing systems and processes and were located in California.
App. 82; *see also* App. 77–78. Thus, even if the district
court were correct that prior art witnesses could be dis-
counted, that rationale would not apply to these witnesses,
whom the district court failed to mention in analyzing this
factor. *See In re Apple, Inc.*, 581 F. App'x 886, 888–89
(Fed. Cir. 2014) (granting mandamus where the district
court "ignored the relevant evidence" by "fail[ing] to men-
tion the five other witnesses identified"). Thus, even if the
prior art witnesses were neutral for this factor, the addi-
tional consideration of these CDN witnesses would push
this factor toward favoring transfer.

Third, the district court erred by ignoring all of Hulu's
proposed prior art witnesses for the reason that "prior art
witnesses are generally unlikely to testify at trial . . . ." *Or-
der*, 2021 WL 1166772, at *5. This categorical rejection of
Hulu's witnesses is entirely untethered to the facts of this
case and therefore was an abuse of discretion. *See In re
Biosearch Techs., Inc.*, 452 F. App'x 986, 987 (Fed. Cir.
2011) ("A motion to transfer under § 1404(a) calls upon the

trial court to weigh a number of case-specific factors based on the individualized facts on record."). Here, certain of Hulu's proposed prior art witnesses directly related to prior art that was specifically mentioned in the asserted patents themselves, heightening their potential relevance. App. 86. The district court provided no analysis whatsoever to cast doubt that these particular prior art witnesses would play a role in an upcoming trial other than speculation that they would be "unlikely to testify at trial" because generally prior art witnesses do not do so. *Order*, 2021 WL 1166772, at *5. Such a bare and generalized analysis cannot be said to be providing "individualized, case-by-case consideration" of the relevant factors, as is required for the analysis of a § 1404(a) motion. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Furthermore, we have cautioned that "[r]equiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). The district court abused its discretion in zeroing out the weight of these witnesses without any case-specific analysis.

Finally, the district court erred in discounting Hulu's proposed witnesses because "Hulu has not shown any potential witness is unwilling to testify [in the Western District of Texas], other than Mr. Newton . . . ." *Order*, 2021 WL 1166772, at *5. In doing so, the district court relied on precedent from a different circuit regarding dismissal for *forum non conveniens*, *id.* (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006)), which is held to a higher standard of inconvenience, *Volkswagen II*, 545 F.3d at 314 ("[section] 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals") (internal quotation marks omitted). We are not inclined to think that the Fifth Circuit would adopt this position in this case. To the contrary, we think that the Fifth Circuit would recognize that where, as

here, the movant has identified multiple third-party witnesses and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness. *See, e.g., In re HP Inc.*, 2018 WL 4692486, at \*3 n.1 (Fed. Cir. Sept. 25, 2018) (noting that at least one case from the Eastern District of Texas has applied a presumption of unwillingness "when there is no indication that a non-party witness is willing"). Here, there is no indication that the third-party witnesses identified by Hulu would be willing, and the vast majority are subject to the compulsory process in the Central District of California.

Overall, comparing the availability of compulsory process to secure the attendance of witnesses in the two forums, we determine that this factor favors transfer. At the very minimum, the district court erred in finding the factor weighed *against* transfer, rather than being neutral. Nothing in the district court's analysis showed a comparative advantage of the Western District of Texas over the Central District of California. At best, as the district court mentioned, two potential prior art witnesses would be equally subject to the compulsory process in both forums. All other things being equal, this might have rendered this factor neutral. But all else was not equal because many other third-party witnesses were only subject to the compulsory power of the transferee venue, and the evidence heavily favored Hulu. Thus, this factor favors transfer.[2]

---

[2]    Hulu objects to the district court's statement that "Hulu has not shown transfer is clearly more convenient for all of its non-party witnesses" as it applies to the compulsory process factor. *Order*, 2021 WL 1166772, at \*5. We agree that this statement seems to be out of place for this factor. Unlike the willing witness factor, the compulsory

B

We next turn to the district court's analysis of the willing witness factor. The district court recognized that this is "the most important factor in a § 1404(a) analysis." *Order*, 2021 WL 1166772, at *5 (citing *Genentech*, 566 F.3d at 1342). The district court also acknowledged that "[i]f a substantial number of witnesses reside in one venue and no witnesses reside in another, th[is] factor will weigh in favor of the venue where witnesses reside." *Id.* (citing *Genentech*, 566 F.3d at 1345). Even though that is precisely the case here, the district court still found this factor weighed against transfer for two reasons. *Id.* at *6. "First, the convenience of party witnesses is typically given little weight because the witnesses' employer could compel their testimony at trial." *Id.* Second, Hulu failed to "identify specific third-party witnesses." *Id.* We conclude that the district court erred in its analysis.

First, the district court did not dispute Hulu's contention that nearly all of the party witnesses are in or near the Central District of California. App. 76–77, 250 n.2, 258, 264–65. And in analyzing the parties' arguments, the district court could identify no witnesses within the Western District of Texas, instead relying entirely on discounting all of Hulu's witnesses located in or near the Central

---

process factor is more about the convenience of the litigating parties in making their case rather than the convenience of the unwilling witnesses compelled to testify. Furthermore, to the extent that this statement could have indicated that transfer is inappropriate unless the transferee forum is "more convenient for *all* of [the movant's] non-party witnesses," *id.* (emphasis added), this too would be erroneous, *see Genentech*, 566 F.3d at 1345. However, we do not read this sentence as the actual basis for the district court's decision as to this factor.

District of California.  Even if the district court were correct that Hulu's witnesses could be completely discounted, and the district court only considered SITO's employees, it was unrebutted that five out of six of SITO's own full-time employees were located in California, thus tipping this factor toward favoring transfer because the district court did not rely on any witnesses that would have found the Western District of Texas to be more convenient.  Thus, at a minimum, it was error to find this factor weighed against transfer.  *See TracFone*, 2021 WL 1546036, at *2 (determining that the district court erred in its analysis of the willing witness factor where "several of [movant's] likely employee witnesses resid[e] in the transferee venue and [the district court did not] rely[] on the location of a single potential witness within or even close to Waco, Texas").

Second, the district court erred in entirely discounting Hulu's party witnesses located in the transferee venue because, according to the district court, Hulu "could compel their testimony at trial."  *Order*, 2021 WL 1166772, at *6.  Although an employer's cooperation in allowing an employee to testify may diminish certain aspects of inconvenience to the employee witness (for instance, the employee is not acting contrary to their employer's wishes), it hardly eliminates the inconvenience.  As this court has recognized, "it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home[.]"  *Genentech*, 566 F.3d at 1343 (citing *Volkswagen II*, 545 F.3d at 317); *see also Volkswagen I*, 371 F.3d at 205 (considering the amount of "time which these fact witnesses must be away from their regular employment").  This is true even if the employer allows for their testimony.  The district court's analysis discounting the inconvenience to Hulu's witnesses is fundamentally at odds with the purpose of a transfer for convenience of the witnesses, and it conflicts with the district court's own recognition that "a court must consider the factor of inconvenience to all

witnesses." *Order*, 2021 WL 1166772, at \*6 (citing *Genentech*, 566 F.3d at 1342).

Finally, the two potential witnesses identified by SITO located in Texas would not change our conclusion as to this factor. SITO's opposition to Hulu's motion to transfer identified Don Bate, a named inventor of the asserted patents, and Aaric Eisenstein, a licensee of the asserted patents, as potential witnesses that are located in Texas (with only Mr. Eisenstein in the Western District). App. 233–34. Although the district court acknowledged this argument by SITO, *Order*, 2021 WL 1166772, at \*6,[3] the district court did not credit these specific witnesses (or mention them) in its analysis. At worst, this would render this factor neutral, but given the overwhelming number of potential witnesses from Hulu in or near California compared to the two from SITO in Texas, we determine that this factor favors transfer.

## C

As to the last factor that the district court found weighed against transfer—court congestion—the statistics presented to the court regarding the two forums were remarkably similar. *See Order*, 2021 WL 1166772, at \*8. The consideration that the district court assumed tipped the scales toward denying transfer was its own ability to set an early trial date and bring a case to trial earlier than district-wide statistics would suggest. *Id.*

This was error for precisely the same reason described in *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020). In

---

[3]    We note that the district court cited SITO's response at 19–20, but this portion does not discuss willing witnesses. *See* App. 237–38. Based on the sentence preceding the citation, we assume the district court meant to cite SITO's response at 15–16 (App. 233–34), which discusses SITO's witnesses.

granting mandamus directing the district court to transfer in *Apple*, we determined that the district court "misapplied the law to the facts of th[e] case by relying too heavily on the scheduled trial date," explaining that "a court's general ability to set a fast-paced schedule is not particularly relevant to" the court congestion factor. *Id.* at 1344 (citing *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020)). Thus, considering the close similarity of cases per judgeship and average time to trial of the two forums, and disregarding the particular district court's ability to push an aggressive trial date, this factor is neutral. And even if the balance of this factor had tipped slightly against transfer, this slight imbalance alone would not have been enough to tip the scales in favor of denying transfer. *See Apple*, 979 F.3d at 1344 n.5 (citing *Genentech*, 566 F.3d at 1347).

\*   \*   \*

After correcting these errors by the district court, no factors remain that weigh against transfer and several weigh in favor.[4] Thus, we readily conclude that the district court clearly abused its discretion in denying Hulu's transfer motion. Given that conclusion, we grant Hulu's petition for mandamus.

Accordingly,

IT IS ORDERED THAT:

---

[4] Although the district court found that the "local interest" factor weighed slightly in favor of transfer, *Order*, 2021 WL 1166772 at \*8–9, we caution the district court that "[l]ocal interests are not a fiction," *In re Samsung Electronics Co., Ltd.*, 2021 WL 2672136, at \*7 (Fed. Cir. June 30, 2021). To the extent that the district court discounted the local interest factor based on this reasoning, this was also an error.

IN RE: HULU, LLC                                                                           13

      Hulu's petition for a writ of mandamus is granted.  The April 28, 2021 order is vacated, and the district court is directed to grant Hulu's motion to the extent that the case is transferred to the United States District Court for the Central District of California under § 1404(a).


                             FOR THE COURT

August 2, 2021         /s/ Peter R. Marksteiner
Date                 Peter R. Marksteiner
                     Clerk of Court